**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | )    **Criminal No. 07-204 (CKK)** |
| | ) |
| **PATICK SYRING,** | ) |
| | ) |
| **Defendant** | ) |

_____

**DEFENDANT'S MOTION TO SCHEDULE TRIAL**
**NO EARLIER THAN JANUARY, 2008 AND TO RETAIN THE OCTOBER 12**
**DUE-DATE FOR DEFENDANT'S ANTICIPATED MOTION TO DISMISS**

COMES NOW the Defendant, Patrick Syring, by his undersigned counsel, and hereby moves the Court for an Order scheduling trial no earlier than January, 2008, *i.e.,* potentially beyond the seventy-day period contemplated by the Speedy Trial Act ("Act"), 18 U.S.C. § 3161(c)(1).[1] He also moves the Court to retain the currently scheduled due-date (October 12, 2007) for his anticipated Motion to Dismiss.

Grounds for this Motion are that the ends of justice are served by the granting of this motion, and that those ends of justice outweigh the best interest of the public, and of the Defendant, in a speedy trial, as more fully set forth in the accompanying brief in support of this Motion. This Motion is based upon the Fifth and Sixth Amendments to the Constitution of the United States, and upon § 3161(h)(8) of the Act.

---

[1] The defense believes that the 70th day after August 30th, 2007, the day Mr. Syring first "appeared before a judicial officer of the court," *id.,* is November 8, 2007. Pursuant to the Act, certain periods of time are excluded in calculating time under the Act, such as the time that motions are pending. *Id.* at 3161(h)(1)(F). Thus, the clock stopped running upon our filing of this motion, and will stop again when we file our Motion to Dismiss. Depending on how long those motions are pending, it is possible that the 70th day will not occur until 2008 in any event.

WHEREFORE, the Defendant respectfully requests that this Motion be granted.

Dated this 21st day of September, 2007.

Respectfully submitted,

SCHERTLER & ONORATO, L.L.P.

_____/s/_____

David Schertler (#367203)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone:  (202) 628-4199
Facsimile:  (202) 628-4177

*Counsel for Mr. Patrick Syring*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

UNITED STATES OF AMERICA,      )

                                    )

v.                              )       **Criminal No. 07-204 (CKK)**

                                    )

PATICK SYRING,                )

                                    )

           **Defendant**        )

_____)

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO SCHEDULE TRIAL NO EARLIER THAN JANUARY, 2008 AND TO RETAIN THE OCTOBER 12 DUE-DATE FOR DEFENDANT'S MOTION TO DISMISS

COMES NOW the Defendant, Patrick Syring, by his undersigned counsel, and hereby submits this Brief in support of his Motion to Schedule Trial no Earlier Than January, 2008 and to Retain the October 12 Due-Date for Defendant's Motion to Dismiss ("Motion").

### INTRODUCTION

The Speedy Trial Act ("Act"), 18 U.S.C. § 3161, generally requires that a trial commence within seventy days from the later of the defendant's indictment or initial appearance. *Id.* at § 3161(c)(1). In this case, the later event was Defendant's arraignment on August 30, 2007. Thus, the seventieth day thereafter is November 8, 2007.

The Act also provides, however, that certain "periods of delay shall be excluded in computing . . . the time within which the trial . . . must commence." *Id.* at § 3161(h). One such period is the delay resulting from the filing of pretrial motions, which period runs from the filing of the motion through its disposition. *Id.* at § 3161(h)(1)(F). By operation of this provision, it is possible that the seventieth day will not occur until 2008, given the filing of this Motion and the yet-to-be-filed Motion to Dismiss.

Another provision of the Act permits the Court to exclude any period of time resulting from a continuance granted to serve the ends of justice, where doing so outweighs the best interests of the public, and the defendant, in a speedy trial.  *Id.* at § 3161(h)(8)(A).  Factors to be considered include whether "the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government *continuity of counsel*, or would deny counsel for the defendant . . . the *reasonable time necessary for effective preparation*, taking into account the exercise of due diligence."  *Id.* at § 3161(h)(8)(B)(iv) (emphasis added).

For the reasons discussed below, if the seventieth day falls before January of 2008, the ends of justice nonetheless require that the trial of this matter be scheduled during or after January, 2008.  Defense counsel's trial schedule between now and year's end does not permit the earlier scheduling of the trial in this case.  Thus, in order to vindicate Mr. Syring's rights under both the Act and the Fifth and Sixth Amendments, the Court should schedule trial here no earlier than January, 2008.  It should also retain the current due-date of October 12 for Mr. Syring's motion to dismiss.

## **FACTS**

1.    According to the Indictment, all of the events upon which the Indictment is based were completed during July, 2006.  Indictment, ¶¶ 4-12.  Nonetheless, the Indictment was not filed until August 15, 2007, *i.e.,* nearly thirteen months later.

2.    Mr. Syring privately retained the undersigned as his counsel ("Counsel") in September, 2006, when the government first told him he was a target of a criminal investigation. Declaration of David Schertler ("Decl.") at ¶¶ 2, 3.  Thus, the undersigned is not court-appointed.  *Id.*

3.      Due to Counsel's previously scheduled trials, I am unable to fit the trial of this matter into my Calendar until January, 2008.  *Id.* at ¶ 5.  My upcoming trial schedule in other cases in which I have been retained is as follows:

a.      On October 15, 2007, I am scheduled to begin trial in *Fitzgerald v. Fitzgerald,* a domestic relations case in the Montgomery County, Maryland Circuit Court.  Trial in this matter is expected to take approximately four days;

b.      On October 22, 2007, I am scheduled to begin trial in *United States v. Michael Irving*, Criminal No. 07-107 (PLF), in this Court.  Trial in this matter is expected to take approximately two weeks;

c.      On November 28, 2007, I am scheduled to begin trial in *Commonwealth v. Tedla,* a criminal tax prosecution in the Fairfax County, Virginia Circuit Court.  Trial in this matter is expected to take approximately three days; and

d.      On December 4, 2007, I am scheduled to begin trial in *United States v. Barry Maloney, et al.*, Criminal No. 07-117 (BR), a seven co-defendant case pending in the U.S. District Court for the Eastern District of North Carolina.  Trial in this matter is expected to take at least three weeks.  I was retained in that case within the past two weeks.  It is a case involving voluminous discovery and which will require extensive preparation.  For example, according to a September 7, 2007 discovery letter from the Assistant U.S. Attorney handling that case, there are approximately 150 banker's boxes of hard-copy, paper documents involved in that case, together with more than eight computer hard drives that were seized by the government.  *Id.* at ¶ 5 and n.1 and Exhibit A.

4.    Of course, in addition to trying those cases, I need time to prepare for them.  I need time to prepare for trial in this case, as well.  *Id.* at ¶ 6.  Moreover, in addition to these scheduled trials, I have many other legal matters to which I must attend.  *Id.* at ¶ 7.

5.    As Assistant United States Attorney Himelstein represented at the status hearing on September 11, 2007, the government has additional discovery to turn over to the defense.  Due to her trial schedule, she stated that she would be unable to produce that discovery until sometime after September 19, 2007.  Since that discovery has yet to be produced, the defense is unaware of how voluminous it will be.

6.    There have been no accusations that Mr. Syring has committed any crimes while on pretrial release.  Indeed, Mr. Syring, who turned fifty on the day he was arraigned, is a recently retired, life-long State Department employee who had never been accused of any crime except in this case.[1]

## DISCUSSION

### I.    The Court is Given Great Latitude in Granting Continuances Based on Ends-of-Justice Grounds.

The Speedy Trial Act generally requires a trial to begin with seventy days of the filing of the indictment or the defendant's initial appearance, whichever is later.  18 U.S.C. § 3161(c)(1). However, "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases."  *Zedner v. United States,* 126 S.Ct. 1976, 1983 (2006).

> Much of the Act's flexibility is furnished by § 3161(h)(8), which governs ends-of-justice continuances . . .  This provision permits a district court to grant a continuance and to exclude resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the

---

[1]    For reasons to be expounded upon in our forthcoming Motion to Dismiss, we believe the Indictment here alleges no crime, either.

> public's and defendant's interests in a speedy trial. This
> provision gives the district court discretion – within limits
> and subject to specific procedures – to accommodate
> limited delays for case-specific needs.

*Id.* at 1983-1984.

Appellate courts have recognized that a district court's discretion to grant ends-of-justice continuances is very broad. "Whereas all other exceptions to the Speedy Trial Act are specific, Section 3161(h)(8)(A) *offers wide latitude to the judge.*" *United States v. White,* 985 F.2d 271, 275 (6th Cir. 1993) (emphasis added). "We defer to the district court's factual determination that the ends of justice served by granting the continuance [on ends-of-justice grounds] outweighed the best interests of the public and [defendant] in a speedy trial." *United States v. Stackhouse,* 183 F.3d 900, 902 (8th Cir.), *cert. denied* 528 U.S. 1033 (1999) (cite omitted). "Absent legal error, exclusions of time [under the Act] cannot be reversed except when there is an abuse of discretion by the court and a showing of actual prejudice." *United States v. Scott,* 784 F.2d 787, 789 (7th Cir.), *cert. denied* 476 U.S. 1145 (1986) (cites omitted). "[A] trial judge must be given broad discretion in attempting to comply with the mandates of the Speedy Trial Act and the exclusions thereto." *United States v. Henry,* 698 F.2d 1172, 1173 (11th Cir. 1983).

Here, Mr. Syring's right to continuity of counsel, and counsel's need to effectively prepare to defend this case, both require an ends-of-justice continuance of trial. That is, if the seventieth day occurs prior to January, 2008, trial should be continued until sometime during or after January, 2008 in order to vindicate those rights, as well as Mr. Syring's rights under the Fifth and Sixth Amendments. There are no interests of the public in a speedy trial here that outweigh Mr. Syring's rights.

## II.     The Ends of Justice Outweigh Either the Public's, or Mr. Syring's, Interest in a Speedy Trial.

### A.     Continuity of Counsel Requires an Ends-of-Justice Continuance.

"Among the factors that a district court must consider in deciding whether to grant an ends-of-justice continuance are a defendant's need for . . . 'continuity of counsel,' and 'effective preparation' of counsel." *Zedner,* 126 S.Ct. at 1985 (quoting the Act at § 3161(h)(8)(B)(iv)). Continuity of counsel is particularly important where, as here, the defendant has privately retained counsel because, under the Sixth Amendment, such defendants have the right to counsel of choice, *i.e.,* "that the accused be defended by the counsel he believes to be best." *United States v. Gonzalez-Lopez,* 126 S.Ct. 2557, 2562 (2006). *See also, Powell v. Alabama,* 287 U.S. 45, 53 (1932) ("It is hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice"); *Yancey v. United States,* 755 A.2d 421, 425 (D.C. 2000) ("A defendant has a constitutionally protected right to choose his own counsel, arising out of both the Sixth Amendment right to counsel and notions of due process under the Fifth Amendment").

Here, Mr. Syring retained the undersigned a year ago, as soon as he became aware that he was a target of a criminal investigation. Decl. at ¶ 3. Despite the fact that the events underlying the Indictment occurred in July, 2006, the Indictment was not returned until over a year later. By the time the Indictment was returned, undersigned counsel's trial schedule for the balance of 2007 had filled. Decl. at ¶ 5.

Under similar circumstances, courts have repeatedly recognized that the continuity of counsel – a factor specifically listed in § 3161(h)(8)(B)(iv) – justifies an ends-of-justice continuance so that a party can continue to be represented by the same attorney. Indeed, the propriety of such continuances has been recognized because of calendaring conflicts of the

defendant's lawyer, the prosecutor or the lawyer for a co-defendant. *See, e.g., United States v. Griffin,* 194 F.3d 808, 824-825 (7th Cir. 1999), *cert. denied* 529 U.S. 1044 (2000) ("[W]e easily conclude that, here, the district court committed no plain error in tolling the speedy trial clock under § 3161(h)(8)(A)" based on continuity of counsel due to the prosecutor's trial schedule); *United States v. Moutry,* 46 F.3d 598, 601 (7th Cir. 1995) (district court properly excluded time under the Act, based on continuity of counsel, where prosecutor was going to be out of the country temporarily, and because of her trial schedule); *United States v. Spring,* 80 F.3d 1540, 1457 (10th Cir.), *cert. denied* 519 U.S. 963 (1996) (continuity of counsel is clearly a permissible reason for granting a continuance and tolling the Speedy Trial Act); *United States v. Joost,* 133 F.3d 125, 130 (1st Cir.), *cert. denied* 523 U.S. 1087 (1998) (same); *United States v. Anders,* 14 F.3d 602 (Table), 1993 WL 533529 at *7 (6th Cir. 1993) (continuity of counsel justified tolling based on trial schedules of both the defense lawyer and the prosecutor); *United States v. Dutkel,* 914 F.2d 264 (Table), 1990 WL 127618 at *2 (9th Cir. 1990) (trial calendar of co-defendant's counsel justified a continuity of counsel/ends-of-justice continuance of defendant's trial beyond seventy-day limit under Act); *United States v. Jones,* 712 F.2d 1316, 1323 (9th Cir. 1983) (same); *United States v. Fogarty,* 692 F.2d 542, 546-547 (8th Cir. 1982), *cert. denied* 460 U.S. 1040 (1983) (same); *Stackhouse,* 183 F.3d at 901-902 (trial court found that "'ends of justice would be best served by accommodating counsel for the government's busy trial schedule' . . . to provide the government with continuity of counsel. We conclude that this consideration was proper"); *United States v. Keith,* 42 F.3d 234, 240 (4th Cir. 1994) (illness of prosecutor justified an ends-of-justice continuance); *Henry,* 698 F.2d at 1173-1174 ("conflicts in schedules of judges and trial counsel" appropriate factors upon which to grant ends-of-justice continuances and court properly granted such continuances based upon the defense counsel's vacation and trial schedules).

Here, an ends-of-justice continuance, based upon continuity-of-counsel, should be granted if the seventieth day occurs during 2007. Counsel's calendar between now and the end of this year is nearly continuously booked with trials in other cases in which he has been retained. What little non-trial time remains will be needed to prepare for this and those other trials. That need to effectively prepare constitutes, moreover, a separate ground for granting an ends-of-justice continuance.

**B.    The Need for Effective Preparation Requires an Ends-of-Justice Continuance.**

In addition to continuity-of-counsel, another factor enumerated in the Act as a basis for an ends-of-justice continuance is "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv). That factor also warrants an ends-of-justice continuance here. Given the undersigned's nearly back-to-back trial schedule between now and the end of this year, he is left with inadequate time to effectively prepare for this trial if it is scheduled before January.

Moreover, as noted above, the defense has not yet been provided all the discovery in this case and does not know how voluminous it might be. Although one might expect this case to be fairly straightforward, it took the government over a year to indict it, an indication that it might be more complex than it appears at first blush.

Regardless of how complex this case turns out to be, or how much more discovery the government has yet to turn over, it is clear that the undersigned cannot effectively prepare to defend Mr. Syring before year's end in light of his packed schedule in other, previously scheduled trials. Thus, if the seventieth day occurs during 2007, the ends of justice require that trial of this matter be briefly continued until early 2008.

**C.    A Continuance of Trial Until January, 2008 Constitutes, at Most, a Short and Reasonable Continuance.**

The seventieth day after Mr. Syring's initial appearance falls on November 8, 2007. Clearly, whatever time is needed to resolve this motion, and the dismissal motion that Mr. Syring will be filing on October 12, is excluded under the Speedy Trial Act (§ 3161(h)(1)(F)), thus pushing the seventieth day closer to – or even, perhaps, beyond – the end of this year.

Therefore, setting this trial in January, 2008 will result, *at most*, in a very short continuance (and, perhaps, none at all). Under the circumstances and the factors discussed above, such a brief continuance is certainly reasonable. *United States v. Westbrook,* 119 F.3d 1176, 1188 (5th Cir. 1997), *cert. denied* 522 U.S. 1119 (1998) ("the continuance only lasted about five months . . . Such a relatively short period of time is not unreasonable [under the ends-of-justice factor]") (cites omitted); *United States v. Twitty,* 107 F.3d 1482, 1489 (11th Cir.), *cert. denied* 522 U.S. 902 (1997) (five month open-ended continuance based on ends-of-justice did not violate Speedy Trial Act); *Lattany v. United States,* 982 F.2d 866, 874-876 (3rd Cir. 1992), *cert. denied* 510 U.S. 829 (1993) (one year delay under an ends-of-justice open-ended continuance not unreasonable under facts); *United States v. Davenport,* 935 F.2d 1223, 1236 (11th Cir. 1991) (seven-month ends-of-justice continuance in order to give defendants additional time to prepare for trial was reasonable).

**D.     The Public's Interest in a Speedy Trial Does not Outweigh The Ends-of-Justice Factors Discussed Above.**

In deciding whether to grant an ends-of-justice continuance, the Court must find "that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Section 3161(h)(8)(A). Here, it is clear that that test is met.

In discussing what constitutes the public interest in a speedy trial, the Supreme Court recently noted the following:

> As both the 1974 House and Senate Reports illustrate, the [Speedy Trial] Act was designed not just to benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment.

*Zedner,* 126 S.Ct. at 1985.

In Mr. Syring's case, there is no suggestion of any concern that he might "commit crimes while on pretrial release . . ." *Id.* Mr. Syring, a fifty-year old man, has never been accused of a crime before. There has been no allegation that – in the more than one year between the events underlying the Indictment and its return – Mr. Syring engaged in any criminal conduct. At his arraignment, Mr. Syring was ordered to have no contact with anyone from the Arab-American Institute, and there has been no suggestion that he has violated that order. Mr. Syring, who holds a graduate degree from Georgetown University, was employed his entire career by the U.S. Department of State, from which he retired at the end of August. In short, there is no reason to

fear that the public's interest in reducing a defendant's "opportunity to commit crimes while on pretrial release" is threatened here.[2]

Obviously, it would be disingenuous for the government, having waited over a year to indict Mr. Syring, to now argue that a brief continuance is unjustified because Mr. Syring somehow presents a threat. Such an argument would clearly be undercut by the government's delay in returning an indictment in this case and by the fact that – during the government's delay – Mr. Syring is alleged to have engaged in no further wrongdoing.

The other public interest acknowledged in *Zedner* – impairing the deterrent effect of punishment through "extended pretrial delay" – is not implicated here, either. As noted above, it may turn out that the seventieth day does not even occur until sometime in 2008. However, even if it occurs in late 2007, the brief continuance being sought here would not constitute "extended pretrial delay."

To the extent there is *any* public interest in a speedy trial in this case, therefore, it is far outweighed by the ends of justice for the reasons discussed above. Setting this case down for trial in early 2008, then, is warranted by the ends of justice.

### III.    The October 12 Due-Date for Mr. Syring's Motion to Dismiss Should be Retained.

At the recent status hearing, the Court asked us to address the issue of the due-date for the filing of Mr. Syring's anticipated Motion to Dismiss, currently set for October 12, in this motion, as well. We respectfully request that that due-date be retained.

---

[2]    Indeed, as will be more fully discussed in Mr. Syring's forthcoming motion to dismiss, we submit that the Indictment here charges no crime but that, rather, the statements attributed to Mr. Syring constitute political speech that is protected by the First Amendment. If that is correct, then a more real threat to the public interest is posed by the government's attempt to criminalize protected political speech. That public interest – vast in comparison to those noted in *Zedner* – will be vindicated by a decision granting Mr. Syring's forthcoming dismissal motion.

That motion, and the brief in support thereof, will be prepared, largely, by Peter Taylor, another lawyer in the undersigned's office.  As noted in his accompanying Declaration, he, too, has many other deadlines between now and October 12.  Because of other commitments, he has been unable to turn to the dismissal motion as of the filing of this motion; and those other commitments will prevent him from completing the dismissal motion and supporting brief before October 12.

Obviously, the Motion to Dismiss is a critical stage of this prosecution.  We believe it will result in a dismissal of this case on First Amendment grounds.  Thus, having sufficient time to "effectively prepare" that motion is also critical to vindicating Mr. Syring's other constitutional rights under the Fifth and Sixth Amendments.

Moreover, since – for the reasons discussed above – the ends of justice warrant a trial date no earlier than January, 2008, there is no countervailing reason for advancing the motion's due-date.  We hope that the Motion to Dismiss will obviate the need for any trial but, if there is to be a trial, it should not occur before early 2008.  Therefore, an October 12 due-date for the dismissal motion should leave plenty of time between the filing of that motion and any trial date.

## **CONCLUSION**

For the reasons discussed herein, Mr. Syring respectfully requests that the trial in this matter be set no earlier than January, 2008; and that the Court retain the due-date of October 12 for his anticipated Motion to Dismiss.

WHEREFORE, the Defendant respectfully requests that this Motion be granted.

Dated this 21st day of September, 2007.

Respectfully submitted,

SCHERTLER & ONORATO, L.L.P.

_____/s/_____
David Schertler (#367203)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone:  (202) 628-4199
Facsimile:  (202) 628-4177

Counsel for Mr. Patrick Syring

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  **Criminal No. 07-204 (CKK)** |
| | ) |
| PATICK SYRING, | ) |
| | ) |
| Defendant | ) |
| | ) |

## <u>DECLARATION OF DAVID SCHERTLER</u>

I, DAVID SCHERTLER, pursuant to 28 U.S.C. § 1746, state the following:

1.    I am lead defense counsel for the defendant, Patrick Syring, in this case.

2.    Mr. Syring has retained me as his counsel in this case and I am not, therefore, appointed counsel.

3.    I have been representing Mr. Syring since September 2006, when the Government first told him he was a target of a criminal investigation.

4.    After being told he was a target of a criminal investigation, the Government waited for almost a year to bring an indictment against Mr. Syring.

5.    I am unable to fit the trial of this matter into my schedule before January, 2008 because of the scheduled trials in other cases in which I have been retained. As of the date of this declaration, my upcoming trial schedule is as follows:

    a.    On October 15, 2007, I am scheduled to begin trial in *Fitzgerald v. Fitzgerald,* a domestic relations case in the Montgomery County, Maryland Circuit Court.   Trial of this matter is expected to take four days;

b.      On October 22, 2007, I am scheduled to begin trial in *United States v. Michael Irving*, Criminal No. 07-107 (PLF), in this Court. Trial in this matter is expected to take approximately two weeks;

c.      On November 28, 2007, I am scheduled to begin trial in *Commonwealth v. Tedla,* a criminal tax prosecution in the Fairfax County, Virginia Circuit Court. Trial in this matter is expected to take approximately three days; and

d.      On December 4, 2007, I am scheduled to begin trial in *United States v. Barry Maloney, et al.*, Criminal No. 07-117 (BR), a seven co-defendant case pending in the U.S. District Court for the Eastern District of North Carolina. Trial in this matter is expected to take at least three weeks. That case involves voluminous discovery and will require extensive preparation. For example, according to a September 7, 2007 discovery letter from Assistant U.S. Attorney Clay C. Wheeler, the lead prosecutor in that case (a copy of which is attached hereto as Exhibit A), there are approximately 150 banker's boxes of hard-copy, paper documents involved in that case, together with more than eight computer hard drives that were seized by the government.[1]

6.      In addition to trying those cases, I will need time to prepare for those trials, and for the trial of this case.

7.      In addition to these scheduled trials, I have many other legal matters to which I must attend.

---

[1]      The letter does not specify the exact number of hard drives in the government's possession, but makes clear that there are a minimum of eight, and probably more.

8.     For the reasons set forth above, the earliest that I am able to adequately prepare

for and try this case is in January, 2008.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this ____21st____ day of September, 2007.

_____
DAVID SCHERTLER

# EXHIBIT A



**U. S. Department of Justice**

*George E. B. Holding*
**United States Attorney**
**Eastern District of North Carolina**

---

*Terry Sanford Federal Building*          *Telephone (919) 856-4530*
*310 New Bern Avenue*                     *Criminal FAX (919) 856-4487*
*Suite 800*                               *Civil FAX (919) 856-4821*
*Raleigh, North Carolina 27601-1461*      *www.usdoj.gov/usao/nce*

<u>**VIA FACSIMILE & U.S. MAIL**</u>

September 7, 2007

Counsel for Defendants
(Listed on Attachment)

  Re: <u>**United States v. Lomas et al.**</u>
    **No. 5:07-CR-117-BR**

Dear Counsel:

  As a reminder, and as described in my August 16, 2007 letter, a significant number of paper documents are available for your review here at the federal building as part of the continuing discovery process in this case. The total volume of the documents is approximately 150 banker's boxes.

  The United States also has a number of computer hard drives in its possession: (1) six hard drives from Mobile Billboards computers, including computers used by defendants Young, Holohan, and Knight; (2) hard drives from computers seized from the residence of defendant Hollenbeck; and (3) hard drives from computers seized from the residence of defendant Anderson. As with the paper documents, the electronic data from these hard drives is available for your review here at the federal building.

  Please contact me with any questions or concerns regarding discovery, or any other aspect of this case.

    Sincerely,

    GEORGE E. B. HOLDING
    United States Attorney

    CLAY C. WHEELER
    Assistant United States Attorney
    Criminal Division

## Attachment

**Attorney for Defendant Lomas:**

Mr. Stephen W. Petersen
Smith Moore LLP
2800 Two Hanover Square
Raleigh, NC 27601
Facsimile: (919) 838-3125


**Attorney for Defendant Young:**

Ms. Bridgett Britt Aguirre
Aguirre Law Office, P.A.
202 E. Academy Street
Fuquay-Varina, NC  27526
Facsimile: (919) 557-0998


**Attorney for Defendant Holohan:**

Ms. Mary Jude Darrow
Attorney at Law
P.O. Box 41308
Raleigh, NC 27629
Facsimile: (919) 845-0822


**Attorney for Defendant Knight**

Mr. John Keating Wiles
Cheshire, Parker, Schneider, Bryan & Vitale
133 Fayetteville Street Mall, Suite 500
Raleigh, NC  27602
Facsimile: (919) 832-0739


**Attorney for Defendant Hollenbeck:**

Mr. C. Scott Holmes
Brock, Payne & Meece, P.A.
3130 Hope Valley Road
Durham, NC  27707
Facsimile: (919) 419-1018


**Attorneys for Defendant Anderson:**

Ms. Devon L. Donahue
Mr. Christopher J. Locascio
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, NC  27601
Facsimile: (919) 856-4477

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　**Criminal No. 07-204 (CKK)**
　　　　　　　　　　　　　　　　　　)
PATICK SYRING,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant　　　　　　　)
　　　　　　　　　　　　　　　　　　)

## DECLARATION OF PETER V. TAYLOR

I, PETER V. TAYLOR, pursuant to 28 U.S.C. § 1746, state the following:

1.　　I am one of the defense counsel for the defendant, Patrick Syring, in this case.

2.　　Given David Schertler's trial schedule, I will be largely responsible for drafting the anticipated Motion to Dismiss and supporting Brief in this case.

3.　　I am unable to complete that motion and supporting brief before October 12, 2007 because of other matters on which I am currently working, including the following:

　　　a.　　The Motion to Schedule Trial No Earlier Than January, 2008 in this matter which, together with other matters not related to this case, have kept me from working on the dismissal motion thus far;

　　　b.　　An opposition to a motion by the Department of Justice's Civil Division for disclosure of Grand Jury materials, which is due September 27, 2007;

　　　c.　　Objections to a pre-sentence report in a case in Florida, which is due October 1, 2007, and a sentencing memo in that same case, which is due October 5, 2007;

       d.      Review a pre-sentence report which the Probation Officer is to have to me by September 21, 2007 in a criminal case venued in the Eastern District of Virginia, and preparation of any objections thereto;

       e.      Draft a complaint in a civil lawsuit as soon as possible; and

       f.      Prepare our client for his deposition in a civil case, which deposition is scheduled for October 9 and 10, 2007.

2.      In addition to these work-related matters, I have to travel to Wisconsin over Columbus Day weekend to deal with matters involving my late mother's estate.

3.      Given these various commitments, I cannot complete the Motion to Dismiss, and supporting brief, prior to October 12, 2007.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this ___21st___ day of September, 2007.

_____
PETER V. TAYLOR

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**UNITED STATES OF AMERICA,**                        )
                                                    )
**v.**                                               )          **Criminal No. 07-204 (CKK)**
                                                    )
**PATICK SYRING,**                                   )
                                                    )
                    **Defendant**                    )
_____)

## [PROPOSED] ORDER

BASED UPON the Defendant's Motion to Schedule Trial no Earlier Than January, 2008 and to Retain the October 12 Due-Date for Defendant's Motion to Dismiss, and the government's response thereto, and being familiar with the file and the relevant law, the Court hereby

FINDS THAT the factors of continuity of counsel, and the need for a reasonable time for effective preparation, as recognized in the Speedy Trial Act ("Act"), 18 U.S.C. § 3161(h)(8)(B)(iv), clearly outweigh the public's interest in a speedy trial in light of defense counsel's trial (and other) schedule between now and the end of 2007, as set forth in the Declaration of David Schertler, dated September 21, 2007; and the Court

FURTHER FINDS THAT, in the event the seventieth day, as calculated under the provisions of the Act, occurs before the _____ day of January, 2008, the ends of justice warrant a continuance of the trial of this case until that date; and, therefore,

IT IS HEREBY ORDERED THAT trial of this matter commence on January _____, 2008; and it is

FURTHER ORDERED THAT the due-date for the filing of a Motion to Dismiss by the

Defendant shall remain as October 12, 2007, as previously ordered during the September 11,

2007 Status Hearing in this case.

Dated this _____ day of _____, 2007.


_____
HON. COLLEEN KOLLAR-KOTELLY
U.S. District Judge


cc:     Julieanne Himelstein, Esq.
        Assistant United States Attorney
        Federal Major Crimes Section
        United States Attorney's Office
                for the District of Columbia
        555 Fourth Street, NW, 4th Floor
        Washington, DC 20530

        Barry Kowalski, Esq.
        Karen Ruckert, Esq.
        Assistant United States Attorneys
        Criminal Division
        601 D Street, NW, Room 5802
        Washington, D.C.  20004

        David Schertler, Esq.
        601 Pennsylvania Avenue, NW
        North Building, 9th Floor
        Washington, DC 20004