THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. : 07-204 (CKK) |
| | : | |
| v. | : | |
| | : | |
| PATRICK SYRING, | : | |
| Defendant. | : | |
| | : | |
| | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SCHEDULE TRIAL NO EARLIER THAN JANUARY 2008 AND TO RETAIN THE OCTOBER 12 DUE-DATE FOR DEFENDANT'S ANTICIPATED MOTION TO DISMISS

The United States of America, by and through the undersigned counsel, respectfully requests the Court to deny Defendant's motion to the extent it requests a waiver of the Speedy Trial Act, because such a waiver is premature. Based upon Government counsel's calculations, made in consideration of the likely time the Court will require to rule upon the instant motion and the anticipated motion to dismiss, the seventy-day period mandated by the Act will not run before January 2008. Accordingly, the United States does not object to a trial setting in January 2008. Furthermore, to the extent Defendant requests the Court to retain the currently scheduled due date of October 12, 2007 for Defendant's motion to dismiss, the United States does not oppose Defendant's motion. As set forth below, the order Defendant seeks is not necessary at this time for counsel to meet the obligations discussed in the memorandum in support of Defendant's motion, and should be denied.

## DISCUSSION

Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date

- 2 -

the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." § 3161(c)(1). From this seventy-day period, the Act mandates the exclusion of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(F). In addition, the court shall exclude "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." § 3161(h)(1)(J). Furthermore, the court may grant a continuance if "the ends of justice served by taking such action outweigh the best interest of the public and defendant in a speedy trial." § 3161(h)(8)(A).

As applied to this case, the seventy-day time period mandated by the Speedy Trial Act would not expire before January 2008. The seventy-day period commenced with Defendant's arraignment on August 30, 2007. § 3161(c)(1). It was tolled with the filing of the instant motion on September 21, 2007, and will toll again with the anticipated filing of Defendant's motion to dismiss on October 12, 2007, and defendant's reply on November 9, 2007. § 3161(h)(1)(F).[1] In theory, by counsel's calculations, if the court were to rule upon the instant motion the day after this response is filed, and upon Defendant's motion to dismiss the day after his reply is filed on November 9, 2007, the seventy-day period could run on December 17, 2007. However, given the likely complexity of the issues anticipated in Defendant's motion to dismiss and in the United States's response, it is not likely that the seventy-day period would expire before January 2008 because the court will need adequate time to rule.

---

[1] The United States concurs with Defendant's calculation that the seventieth day following August 30, 2007 would be November 8, 2007.

- 3 -

Consequently, there is no basis upon which the ends of justice would be served by continuance of this matter. The very purpose of the Speedy Trial Act itself is to promote the interests of the public and defendant in a speedy trial, such that any ends-of-justice continuance granted under § 3161(h)(8)(A) should be supported by specific, on-the-record findings. <u>Zedner v. United States</u>, 126 S. Ct. 1976, 1989 (2006); <u>United States v. Sanders</u>, 485 F.3d 654, 659 (May 11, 2007) (citing <u>Zedner</u>). The Act, in all practicality, will operate such that Defendant's counsel can meet their other obligations and represent Defendant in trial of this matter. At a minimum, Defendant has not shown that the ends of justice outweigh the interests of the public and the defendant in a speedy trial.

## **CONCLUSION**

For the reasons discussed above, the United States respectfully requests the Court to deny Defendant's motion for a waiver of the Speedy Trial Act.

Dated this 28th day of September, 2007.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY

By: _____
        Julieanne Himelstein (Bar # 417136)
        Assistant United States Attorney
        555 Fourth Street, NW
        Washington, DC 20530

_____
Karen Ruckert , Trial Attorney
United States Department of Justice
Civil Rights Division
601 D Street, NW Fifth Floor
Washington, D.C. 20004

- 4 -