**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. : 07-204 (CKK)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **PATRICK SYRING,** | **:** | |
| **Defendant.** | **:** | |
| | **:** | |
| | **:** | |

## GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE IMPROPER EVIDENCE OF DEFENDANT'S CHARACTER

The United States of America, by and through the undersigned counsel, respectfully requests the Court to rule *in limine* to exclude certain types of character evidence which may be offered on behalf of Defendant including awards, commendations, or other testimony or tangible evidence concerning his professional accomplishments. Evidence of this type is not relevant and is improper character evidence, and should be excluded from consideration by a jury. Further, the United States requests the court to rule *in limine* that Defendant may offer evidence of other pertinent character traits, including peacefulness, through reputation or opinion testimony only, and not through specific instances of conduct. Finally, the government requests the Court to rule *in limine* that Defendant may not offer reputation or opinion testimony relating to his character for truthfulness unless and until the government offers witnesses attesting to the Defendant's untruthful character.

## DISCUSSION

Federal Rule of Evidence 404(a)(1) provides that "[i]n a criminal case, evidence of a pertinent trait of character [may be] offered by an accused." Fed. R. Evid. 404(a)(1). Even if

- 2 -

admissible under Rule 404, character evidence may be excluded if its probative value is
outweighed by the risk of unfair prejudice.  Fed. R. Evid. 403; United States v. Harris, 491 F.3d
440, 447 (D.C. Cir. 2007).  Where a character trait is relevant to the issues raised at trial, a
defendant may offer evidence of a character trait through reputation or opinion testimony.  Fed.
R. Evid. 405 (a).  However, a defendant may offer proof of a character trait through testimony
regarding specific instances of conduct, as well as through reputation or opinion testimony, only
when the character trait is an essential element of the charge, claim, or offense.  Fed. R. Evid.
405 (b).

**I.      Admissibility Pursuant to Rule 404**

        To determine whether character evidence concerns a pertinent trait within the meaning of
Rule 404(a), the court must first consider what traits are at issue given the charged conduct.
Specifically, the court must determine whether the character trait in question would make any
fact "of consequence to the determination" of the case more or less probable than it would have
been without evidence of that character trait.  Fed. R. Evid. 401.  Here, Defendant is charged
with one count of injuring, intimidating, or interfering with the federally protected right to
employment because of race or national origin, in violation of 18 U.S.C. § 245 (b)(2)(C), and one
count of transmitting an interstate threat, in violation of 18 U.S.C. § 875.

        Given these charges, Defendant may properly seek to introduce evidence that he is of a
peaceful and law-abiding character.  However, evidence related to Defendant's professional
accomplishments, including awards and commendations, is not relevant to the question whether
Defendant engaged in the conduct with which he is charged – it does not, in any practical sense,
make the commission of these acts by Defendant any more or less likely.  Unlike the obstruction

Case 1:07-cr-00204-CKK    Document 12    Filed 10/12/2007    Page 3 of 6

- 3 -

of justice and false statement charges against the defendants tried by this Court in *United States v. Brown*, in which "the conduct at the heart of the charges" was "cast in trial . . . as part and parcel of Defendants' professional diligence and involve[d] their duties as police officers," 2007 WL 2409729 (D.D.C. Aug. 24, 2007), the charges against the Defendant in this case do not arise from the performance of his professional duties in any manner.

Thus, the only purpose for offering evidence of Defendant's professional accomplishments is not to present mere "background evidence." Rather, it would be offered to cast Defendant in a positive light. The purpose of introducing such evidence would be to encourage a jury to sympathize with the Defendant, overlooking his criminal conduct, if proven beyond a reasonable doubt, because of what he has accomplished professionally. As this Court has noted, evidence of commendation concerns character to a greater degree even than details concerning family composition, which this circuit has held were properly excluded in a case where that evidence, likewise, was not relevant to the charges at issue and therefore likely only useful for the purpose of garnering sympathy. Id. at *2 (citing Harris, 491 F.3d 440, 446-47). As such, evidence of Defendant's professional achievements should be excluded.[1]

## II.    Methods of Proof Under Rule 405

Character traits that may be pertinent in this case, including peacefulness, should be

---

[1]In this motion, the United States does not ask the court to exclude all references to Defendant's employment and educational level – rather, it seeks to exclude evidence of Defendant's commendations. In *Alexander v. United States*, 418 F.2d 1203, 1207 (D.C. 1969), the court noted that the speaker's educational background and mental impairment due to the use of controlled substances could be considered in determining whether his communications were a true threat. Thus, evidence of Defendant's educational level and ability to communicate – as evinced by his Master's in Foreign Service and his employment as a Foreign Service Officer at the United States Department of State – is relevant to the question whether Defendant intended to intimidate or threaten the recipients.

- 4 -

presented only through reputation and opinion testimony, rather than through testimony

concerning specific acts.  Under Federal Rule of Evidence 405, Defendant's potential character

witnesses must be restricted to testifying to their opinion of the relevant character trait or to their

knowledge of the Defendant's reputation in the community in that regard.  They may not testify

as to specific instances of good conduct by the Defendant.  See, e.g., Michelson v. United States,

335 U.S. 469, 477 (1948).

However, the prosecution may inquire into relevant specific instances of conduct upon

cross examination.  Fed R. Evid. 405(a).  Such cross examination may "extend to those matters,

among others, which legitimately affect the witness' knowledge of the accused's community

reputation for the character trait or traits which he confirms."  United States v. Lewis, 482 F.2d

632, 638 (D.C. Cir. 1973), cited in Brown, 2007 WL 2409729, at *3.  Thus, if Defendant offers

testimony regarding his character for peacefulness, the United States may seek to introduce

specific instances of intimidating or threatening language used by the Defendant prior to, and

later in time than, the language charged in this case; provided that the United States has a good

faith basis for doing so.

Further, the court may, in its discretion, limit the scope of character evidence presented.

It may limit the number of character witnesses permitted to testify, and may also limit the manner

and relevant time period for proving character.  See 2 Weinstein's Evidence 404[5] at 404-42.


III.     Impeachment of Defendant Under Rule 608

Evidence of Defendant's character for truthfulness may be admitted "only after the

character of a witness has been attacked by opinion or reputation evidence or otherwise."  Fed. R.

- 5 -

Evid. 608 (a)(2). Consequently, Defendant should be prohibited from offering reputation or opinion testimony relating to his truthful character unless and until the government offers witnesses attesting to the Defendant's untruthful character. United States v. Angelini, 678 F.2d 380 (1st Cir. 1982); United States v. Danehy, 680 F.2d 1311, 1314 (11th Cir. 1982).

If Defendant chooses to testify, he would place his credibility in issue as would any other witness. Accordingly, although the government could not thereafter attack his general character, it is proper to present evidence bearing on the Defendant's believability as a witness. Such evidence includes Defendant's prior and subsequent history of intimidation and threats if Defendant testifies or implies through other evidence that he is not prone to such behavior. United States v. Cudlitz, 72 F.3d 992, 995-97 (1st Cir. 1996).

## CONCLUSION

For the reasons discussed above, the United States respectfully requests the Court to exclude character evidence which may be offered by Defendant including awards, commendations, or other testimony or tangible evidence concerning his professional accomplishments. Further, the United States requests the court to rule *in limine* that evidence of other pertinent character traits, including peacefulness, may, in this case, be offered by the Defendant reputation or opinion testimony only, and not through specific instances of conduct. Finally, the government requests the Court to rule *in limine* that Defendant may not offer reputation or opinion testimony relating to his character for truthfulness unless and until the government offers witnesses attesting to the Defendant's untruthful character.

Dated this 12th day of October, 2007.

- 6 -

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

RENA J. COMISAC
ACTING ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION


_____
Julieanne Himelstein (Bar #  417-136)
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530


_____
Mark Blumberg
Special Litigation Counsel
Karen Ruckert
Trial Attorney
United States Department of Justice
Civil Rights Division
601 D Street, NW Fifth Floor
Washington, D.C. 20004