THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. : 07-204 (CKK) |
| : | |
| v. : | |
| : | |
| PATRICK SYRING, : | |
| Defendant. : | |
| : | |
| : | |

## GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF POLITICAL CONFLICT

The United States of America, by and through the undersigned counsel, respectfully requests the Court to rule *in limine* to exclude irrelevant and/or cumulative references by the Defendant to political conflict and terrorism concerning the Middle East and Arab people. Although some reference to events in the Middle East, including the conflict between Lebanon and Hezbollah, may be necessary given the timing and content of Defendant's statements, extensive discussion of conflict within the Middle East and of terrorism concerning people of Middle Eastern and/or Arab origin is not relevant and its probative value is outweighed by the risk of undue prejudice. Further, the United States seeks an order precluding Defendant from referring to the Arab American Institute (AAI) as a terrorist organization or presenting evidence that, through his communications, Defendant was seeking to prevent terrorism.

## DISCUSSION

In July 2006, at the time of the incidents charged in the indictment, Israel and Hezbollah were engaged in an armed conflict. The communications by defendant charged in the indictment

- 2 -

may be read to refer to this conflict and to terrorism in the Middle East. Some discussion of this subject matter may be necessary to place into context defendant's comments, and the recipients' reaction to them. However, extensive evidence concerning the nature of this conflict, and of terrorism in general, is inadmissible pursuant to Rule 401 because such evidence is not relevant to any issue in this case. Such evidence does not make any more or less probable or less probable any fact of consequence to the charges in the indictment. Fed. R. Evid. 401.

Moreover, it is unduly prejudicial because it risks inflaming the passions of the jury against terrorism, and encourages the view that people of Middle Eastern and/or Arab origin have a connection to terrorism. There is no factual basis to conclude that the AAI is a terrorist organization. Further, there is no evidence that AAI is, has connections to, or sympathizes with any terrorist organization.[1]

In sum, the United States requests the court to rule *in limine* to preclude the following, because it is not relevant and because any probative value is substantially outweighed by the risk of undue prejudice:

(1)   Any reference to AAI as a terrorist organization, that it sympathizes with terrorism, or otherwise supports terrorism;

(2)   Any reference to people of Middle Eastern and/or Arab origin as being terrorists, sympathizing with terrorists, or otherwise supporting terrorism;

---

[1] AAI's website describes its mission as follows: "The Arab American Institute (AAI) represents the policy and community interests of Arab Americans throughout the United States and strives to promote Arab American participation in the U.S. electoral system. AAI focuses on two areas: campaigns and elections and policy formation and research. The Institute strives to serve as a central resource to government officials, the media, political leaders and community groups and a variety of public policy issues that concern Arab Americans and U.S. – Arab relations." Arab American Institute, (visited October 11, 2007) <http://www.aaiusa.org>.

- 3 -

(3)   Any reference to Lebanon or Israel as sympathizing with or supporting terrorism;

(4)   Any reference to efforts by the United States to combat terrorism, including but not limited to the conflict in Iraq and the attacks upon the United States on September 11, 2001.

## CONCLUSION

For the reasons discussed above, the United States respectfully requests the Court to United States respectfully requests that the Court enter an order precluding Defendant from referring to or presenting evidence at trial regarding the issues identified above.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

RENA J. COMISAC
ACTING ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

_____
Julieanne Himelstein (Bar # 417-136)
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530

_____
Mark Blumberg
Special Litigation Counsel
Karen Ruckert
Trial Attorney
United States Department of Justice
Civil Rights Division
601 D Street, NW Fifth Floor
Washington, D.C. 20004