THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. : 07-204 (CKK) |
| v. | : |
| PATRICK SYRING, | : |
| Defendant. | : |

### GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S RETIREMENT AND DISCIPLINE

The United States of America, by and through the undersigned counsel, respectfully requests the Court to rule *in limine* to exclude reference by the Defendant to his retirement from the United States Department of State, and reference to any discipline, or lack of discipline, he received associated with the charged conduct. As set forth below, such evidence is not relevant and its probative value is outweighed by the risk of undue prejudice.

### DISCUSSION

In July 2006, at the time of the incidents charged in the indictment, Defendant was employed as a political officer with the State Department. In statements made on August 16, 2007, Sean McCormack, a spokesperson for the State Department, told reporters that Defendant had retired from the State Department in the previous month. At this time, the United States is not aware whether Defendant received any administrative discipline related to the events charged in the indictment.

**I.    Evidence of Defendant's Retirement and Any Administrative Discipline is Irrelevant**

Evidence relating to Defendant's retirement and any administrative discipline he received,

- 2 -

or failed to receive, is inadmissible pursuant to Federal Rule of Evidence 401 because such evidence is not relevant to any issue in this case. Neither the fact of Defendant's retirement -- which occurred after the events charged -- nor the nature of any administrative process he may have received or failed to have received, makes "more probable or less probable" any fact of consequence to the charges in the indictment. Fed. R. Evid. 401.

2.  **Evidence of Defendant's Retirement and Any Administrative Discipline Taken by the State Department Would Invade the Province of the Jury**

In addition, it is "the special province of the jury in a criminal case both to find the facts and apply the law as it sees fit." United States v. Melvin, 27 F.3d 710, 714 (1st Cir. 1994) (quoting United States v. Dennis, 786 F.2d 1029, 1041 (11th Cir. 1986)). Thus, admission of Defendant's decision to retire, whatever its motivation, and any evidence by another factfinder in determining such an issue would improperly encroach on the jury's role as factfinder. Accordingly, evidence of prior judgments such as administrative rulings generally are inadmissible in a criminal trial because such evidence "goes directly to the principal issue and is highly prejudicial." Kelly's Auto Parts, No. 1, Inc. v. Boughton, 818 F.2d 306, 309 (4th Cir. 1987). See also United States v. Jones, 808 F.2d 561, 566-67 (7th Cir. 1986) (holding that the defendant's acquittal in state court on the same facts was not admissible at trial). Just as the verdict (or non-verdict) of a prior jury would never be admissible during a retrial of a criminal defendant, the determination made by administrative officials to discipline an employee -- or the fact that such officials did not discipline an employee -- should not be admitted in this case.

Given that the jury is the sole judge of facts in a criminal trial, it would be improper to introduce any other factual determinations that were made before trial regarding a defendant's

- 3 -

conduct. Similarly, it would be improper to introduce evidence of any disciplinary action taken against the Defendant because such discipline implies that a finding of wrongdoing by the Defendant being disciplined has been made. Conversely, it would also be improper to introduce evidence that disciplinary action was *not* taken against the Defendant, because such a lack of discipline implies that the agency found no wrongdoing by the Defendant, and thus did not discipline him. Further, evidence that Defendant retired, regardless of whether his retirement related to his indictment in this matter, is improper because such evidence implies that Defendant chose to "punish" himself or otherwise limit his culpability by giving up his job. Defendant's decision to retire has no bearing upon whether he is guilty of the acts charged in the indictment. The decision whether to punish Defendant for the conduct with which he is charged must rest with the jury.

3.  **Any Probative Value of Evidence Relating to Defendant's Retirement, or to Any Administrative Discipline Received by the Defendant, is Far Outweighed by the Risk of Unfair Prejudice, Confusion of the Issues, and Misleading the Jury**

Moreover, the evidence at issue should be excluded pursuant to Rule 403 because any potential probative value it might have would be far outweighed by the risk of unfair prejudice, confusion of the issues and misleading the jury. Reference to or evidence of Defendant's retirement, or administrative discipline he received or failed to receive, serves no purpose other than to invite the jury to consider matters that are not relevant to the jury's determination of whether he is guilty of the crimes charged. In making this determination, it clearly would be improper for the jury to consider whether the Defendant already has been "punished" through his decision to retire, or through administrative process. Just as it is improper for the jury to consider what sentence might be imposed following conviction, Shannon v. United States, 512

- 4 -

U.S. 573, 579 (1994), it is improper for the jury to consider any "sentence" - i.e., his decision to retire and any administrative discipline or lack thereof - already imposed.  Both considerations violate "the basic division of labor in our legal system between judge and jury.  The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged.  The judge, by contrast, imposes sentence on the defendant after the jury as arrived at a guilty verdict."  Shannon, 512 U.S. at 579.  Therefore, just as the jury is not to consider the potential punishment that could result from conviction, United States v. Cox, 696 F.2d 1294, 1298-99 (11th Cir. 1983), the jury should not consider any administrative punishment the defendants already may have received.

     Moreover, just as providing sentencing information to the jury "invites [jurors] to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion," Shannon, 512 U.S. at 579, so too does providing the jury with information regarding any decision by Defendant to retire or administrative discipline already imposed upon him.  See also  Pope v. United States, 298 F.2d 507, 508 (5th Cir. 1962) ("inform[ing] the jury that the court may impose a minimum or maximum sentence, will or will not grant probation . . . or other matters not relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided").  Because information regarding any "punishment" Defendant may have imposed upon himself by choosing to retire, or that may or may not have been imposed upon him via administrative action, is simply the flip side of information regarding the punishment which may be imposed following conviction, "the only possible purpose that would be served" by providing such information to

- 5 -

the jury "would be to invite jury nullification of the law." United States v. Johnson, 62 F.3d 849, 850-51 (6th Cir. 1995).

Thus, any possible probative value of evidence relating to the Defendant's retirement from the State Department, and of any administrative investigation or discipline received (or not received) by the Defendant in connection with his communications to employees of the Arab American Institute in July 2006 is far outweighed by the risk of unfair prejudice, confusion of the issues and misleading the jury. Such evidence should be excluded pursuant to Rule 403.

## CONCLUSION

For the reasons discussed above, the United States respectfully requests the Court to United States respectfully requests that the Court enter an order precluding Defendant from referring to or presenting evidence at trial regarding his retirement, and regarding any administrative investigation or any discipline received by the Defendant -- or lack thereof -- in connection with his communications to employees of the Arab American Institute in July 2006.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

RENA J. COMISAC
ACTING ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

- 6 -

_____
Julieanne Himelstein (Bar # 417-136)
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530


_____
Mark Blumberg
Special Litigation Counsel
Karen Ruckert
Trial Attorney
United States Department of Justice
Civil Rights Division
601 D Street, NW Fifth Floor
Washington, D.C. 20004