UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES,

    Plaintiff,

    v.

PATRICK SYRING,

    Defendant.

Criminal Action No. 07-204 (CKK)

**ORDER**
(October 16, 2007)

Currently pending before the Court is Defendant's Motion to Schedule Trial No Earlier Than January, 2008 and to Retain the October 12 Due-Date for Defendant's Anticipated Motion to Dismiss. The Indictment in this action was filed on August 15, 2007, and Defendant was arraigned on August 30, 2007. The Court held a Status Hearing in this case on September 11, 2007, at which Defendant's counsel advised the Court that Defendant's retained counsel's schedule did not permit the scheduling of a trial in this case prior to January 2008. The Government indicated that it objected to such a delay. As a result, and after raising the issue of compliance with the Speedy Trial Act (the "Act"), 18 U.S.C. § 1361, the Court ordered the parties to file briefing regarding the application of the Act in this case. Defendant has now filed his Motion–which essentially amounts to a motion to exclude certain time periods from the seventy-day period in which Defendant would otherwise be entitled to go to trial under the Act–and the Government has filed its Response to Defendant's Motion. For the reasons set forth

1

below, the Court shall grant Defendant's Motion in its entirety, shall grant a continuance of the

trial in this case until January 2008 based on the Court's findings below that doing so serves the

ends of justice, and shall tentatively schedule the trial in this case to begin during the week of

January 7, 2008.[1]

The Speedy Trial Act provides that "the trial of a defendant. . . shall commence within

seventy days from the filing date (and making public) of the information or indictment, or from

the date the defendant has appeared before a judicial officer of the court in which such charge is

pending, which ever date last occurs." 18 U.S.C. § 1361(c)(1). The Act lists several periods of

delay that are excludable from the seventy-day maximum. *Id.* § 3161(h). Of relevance to

Defendant's Motion are periods of "delay resulting from any pretrial motion, from the filing of

the motion through the conclusion of the hearing on, or other prompt disposition of, such motion,

*id.* § 3161(h)(1)(F), and periods of "delay reasonably attributable to any period, not to exceed

thirty days, during which any proceeding concerning the defendant is actually under advisement

by the court," *id.* § 3161(h)(1)(J). The Act also provides for the exclusion of

> any period of delay resulting from a continuance granted by any judge on his own
> motion or at the request of the defendant or his counsel or at the request of the
> attorney for the Government, if the judge granted such continuance on the basis of
> his findings that the ends of justice served by taking such action outweigh the best
> interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(8)(A). The Act further requires the judge, in considering whether to grant an

---

[1] Defendant's Motion also included a request that the Court retain the October 12, 2007
due date for Defendant's Motion to Dismiss the indictment, which was set at the September 11,
2007 Status Hearing. The Government does not oppose Defendant's request in that respect,
*see* Gov't Resp. at 1, and the Court notes that Defendant filed his Motion to Dismiss as
anticipated on October 12, 2007. The Court shall therefore grant *nunc pro tunc* the portion of
Defendant's Motion requesting that the Court retain the October 12, 2007 due date.

"ends-of-justice" continuance, to consider, *inter alia*, "whether the case is so unusual or so complex, due to . . . the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits . . .," as well as "[w]hether the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* §§ 3161(h)(8)(B)(ii), (iv). Section 3161(h)(8) thus "gives the district court discretion–within limits and subject to specific procedures–to accommodate limited delays for case-specific needs." *Zedner v. Unites States*, --- U.S. ---, 126 S. Ct. 1976, 1985 (2006)

The parties agree that the seventieth day following Defendant's August 30, 2007 arraignment falls on November 8, 2007. Defendant has moved to schedule the trial in this case no earlier than January 2008, which is clearly beyond the seventy-day maximum under the Act. However, both parties argue that the seventy-day Speedy Trial period in this case may be tolled until January 2008 due to the filing of pretrial motions, and they may well be correct. *See* Def.'s Mot. at 9; Gov't Resp. at 1. The Act specifically excludes from the seventy-day clock "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). As the D.C. Circuit recently reiterated, if no hearing is held on a pretrial motion, the period of time excluded under § 3161(h)(1)(F) runs from the filing of the motion "through the day the court receives all the papers it reasonably expects to help it decide the motion." *United States v. Taylor*, 497 F.3d 673, 676 (D.C. Cir. 2007) (quoting *United States v. Saro*, 24 F.3d 283, 292

3

(D.C. Cir. 1994)).  However, "once that period expires, [the Act excludes] delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  *Id.* (quoting § 3161(h)(1)(J)).  The instant motion was filed on September 21, 2007, became ripe on September 28, 2007, and was under advisement by the Court from that date through the issuance of this Order.  In addition, on October 12, 2007, the Government filed three Motions in Limine and Defendant filed his Motion to Dismiss, which will become ripe on November 9, 2007 when Defendant files his Reply.  The Court makes no representations as to when the pending motions will be resolved, but notes that the periods of time excludable under §§ 3161(h)(1)(J) and (F) may toll the Speedy Trial clock for up to seventy-nine days, such that it would not expire until the end of January 2008.

In the alternative, and in the event that the Speedy Trial clock in this matter actually expires prior to January 2008, the Court finds–based on consideration of the factors specifically enumerated in 18 U.S.C. § 3161(h)(1)(B)–that it is appropriate to continue the trial in this case through January 2008 in order to serve the ends of justice.  First, the Court notes that Defendant's Motion to Dismiss raises complex questions of constitutional law because it argues that the Indictment in this case seeks to criminalize speech protected under the First Amendment.  As a result, the Court's granting of a slightly generous briefing schedule for that Motion was in accord with § 3161(h)(8)(B)(ii), which requires the Court to consider "whether the case is so unusual or so complex, due to the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits."  18 U.S.C. § 3161(h)(8)(B)(ii); *see also* Defs.' Mot. to Schedule at 12; Decl. of Peter V. Taylor (explaining why defense counsel's schedule constraints prevent him from filing the complex

4

Motion to Dismiss earlier than October 12, 2007).

Furthermore, the Act specifically provides that in determining whether to grant an ends-of-justice continuance the Court must consider "[w]hether the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §§ 3161(h)(8)(B)(ii), (iv). Defendant's Motion to Schedule Trial forcefully argues that both of these considerations weigh in favor of a continuance. As Defendant correctly notes, the Sixth Amendment grants a criminal defendant the right to "be defended by the counsel he believes to be best." Defs.' Mot. at 6 (quoting *United States v. Gonzalez-Lopez*, 126 S. Ct. 2557, 2562 (2006)). Here, Defendant retained counsel in September 2006, when he became aware that he was the target of a criminal investigation. *See* Decl. of David Schertler ¶ 3. Nevertheless, by the time the Indictment in this action was filed, on August 15, 2007, Defendant's chosen counsel's trial schedule for the balance of 2007 had been filled. *Id.* ¶ 5; Def.'s Mot. at 6. Defense counsel supports his assertion that he is unavailable for trial in this case until January 2008 with a sworn Declaration setting forth his trial schedule for the balance of 2007, which demonstrates his unavailability. *See* Schertler Decl.

In addition, it appears that the requested continuance serves the ends of justice because it allows defense counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C.§ 3161(h)(8)(B)(iv). As defense counsel avers in his Declaration, if the Court were to schedule the trial in this case prior to January 2008, defense counsel's trial schedule for the balance of 2007 would not afford him adequate time to

5

effectively prepare for Defendant's trial. Def.'s Mot. at 8; Schertler Decl. ¶¶ 6-7. Under such circumstances, the Court concludes that the ends of justice are served by allowing Defendant to go to trial in this case with counsel of his choice, whom he retained over a year ago. *See, e.g. United States v. Moutry*, 46 F.3d 598, 601 (7th Cir. 1995) (district court properly excluded time under the Act based on continuity of counsel, due in part to prosecutor's trial schedule). The ends of justice are further served by allowing Defendant's chosen counsel adequate time to effectively prepare for Defendant's trial.

Moreover, the Court concludes that the ends of justice served by continuing the trial in this matter until January 2008 outweighs "the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). As the Supreme Court has explained, "the Act was designed not just to benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." *Zedner v. United States*, 126 S. Ct. at 1985. In the instant case, there is no evidence that Defendant has committed any crimes while on pre-trial release or during the roughly one year between the events underlying the Indictment and its return. *See* Def.'s Mot. at 4, 10. Indeed, the fact that the Government waited almost a year to indict Defendant after informing him that he was the subject of a criminal investigation suggests that the Government does not consider Defendant to pose a threat to the community. Furthermore, the Court notes that an ends-of-justice continuance of the trial in this case through January 2008 may not, in fact, lead to any delay in Defendant's trial in light of the pending pretrial motions, and certainly to an "extended pretrial delay" that is against the public interest. *See Zedner*, 126 S.Ct. at 1985.

Finally, the Government does not oppose continuing the trial in this action until January 2008, and does not suggest that the Government would suffer any prejudice as a result of such delay. *See generally* Gov't Resp. Rather, the Government asserts that an ends-of-justice continuance is premature in this matter because, due to the filing of pretrial motions, "it is not likely that the seventy-day period would expire before January 2008." *Id.* at 2. The Government may be correct regarding the automatic tolling of the Speedy Trial clock. However, the Court need not run the risk that the seventy-day period will expire before Defendant goes to trial because, for the reasons set forth above, the Court readily concludes that a continuance of the trial in this case until January 2008 is appropriate pursuant to 18 U.S.C. § 3161(h)(8).

Accordingly, it is, this 16th day of October, 2007, hereby

**ORDERED** that [8] Defendant's Motion to Schedule Trial No Earlier Than January, 2008 is GRANTED and that Defendant's Motion to Retain the October 12 Due-Date for Defendant's Anticipated Motion to Dismiss is GRANTED *nunc pro tunc*; it is further

**ORDERED** that the trial in this case is tentatively scheduled for the week of January 7, 2008.

**SO ORDERED**.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

7