IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 07-204 (CKK) |
| ) | |
| PATRICK SYRING, ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DEFENDANT'S RETIREMENT AND DISCIPLINE**

COMES NOW the Defendant, Patrick Syring, by his undersigned counsel, and hereby submits this Response to the Government's Motion *in Limine* to Exclude Evidence of Defendant's Retirement and Discipline ("Motion"). In its Motion, the government asks the Court "to exclude reference by the Defendant to his retirement from the United States Department of State, and reference to any discipline, or lack of discipline, he received associated with the charged conduct." Motion at 1. For the reasons discussed below, Mr. Syring opposes this Motion and respectfully requests that it be denied.

    **I.**    **The Fact of Mr. Syring's Retirement is Properly Admissible as Background Evidence.**

As this Court recognized in *United States v. Brown,* 503 F.Supp.2d 239, 242 n.4 (D.D.C. 2007), "the fact that Defendants work for MPD and for how long they have done so . . . is properly [admissible as] background information." *See also Government of the Virgin Islands v. Grant*, 775 F.2d 508, 513 (3d Cir. 1985) ("During the course of a trial, it is customary for the defendant to introduce evidence concerning his background, such as information about his education and employment. Such evidence is routinely admitted without objection . . . .");

Advisory Committee's Note to Fed. R. Evid. 401 ("Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding.").

Mr. Syring's work history, then, including the fact of his recent retirement, is properly admissible as background evidence. To the extent the government's Motion attempts to exclude this background information, it should be denied.

**II.     The Fact That the State Department – Part of the Very Executive Branch That is Prosecuting Mr. Syring – Took no Disciplinary Action Against him is Relevant to the Issue of Whether the Statements Attributed to him are True Threats.**

Mr. Syring was not disciplined in any way by the State Department – his employer at all relevant times – for the statements he allegedly made and that form the basis for the Indictment. The only work-related thing that occurred as a result of this case is that, after he was indicted, his security clearance was suspended temporarily.

The State Department obviously knew of the allegations against Mr. Syring, as evidenced by its temporary suspension of his security clearance, and by other evidence that we expect will come out at trial. Obviously, the State Department is part of the Executive Branch of the federal government, as is the Justice Department. The fact that the State Department took no disciplinary action against Mr. Syring, even though it knew of the allegations, is relevant because it indicates that that part of the Executive Branch did not consider the statements attributed to Mr. Syring to be "true threats." Indeed, given the diplomatic nature of its business, one would expect the State Department to be particularly sensitive to things it considered to be threats against a political organization like the American Arab Institute.

Thus, the State Department's lack of disciplinary action is relevant to an essential element of Mr. Syring's defense, namely, that what he is accused of doing is not a "true threat" but is, instead, protected political speech, for which he cannot be punished. Here, one part of the Executive Branch – the State Department – took no steps to punish this conduct, of which it was clearly aware, even though, had it decided to do so, its burden of proof would have been much lower than that applicable here.

For these reasons, the inaction of one part of the Executive Branch, knowledgeable about these allegations, is material and relevant to Mr. Syring's defense against another part of the Executive Branch, which is trying to deprive him of his liberty because of speech in which he is accused of engaging. This part of the Motion should be denied, then, as well.

## CONCLUSION

For the reasons discussed herein, Mr. Syring respectfully requests that the Court deny the Motion.

Dated: November 30, 2007                Respectfully submitted,

                                                          SCHERTLER & ONORATO, L.L.P.

                                                          /s/
                                                   David Schertler (#367203)
                                                 Peter V. Taylor (#419524)
                                                 601 Pennsylvania Avenue, NW
                                                 North Building, 9th Floor
                                                 Washington, DC 20004
                                                 Telephone: (202) 628-4199
                                                 Facsimile: (202) 628-4177

                                                 *Counsel for Mr. Patrick Syring*