IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 07-204 (CKK) |
| ) | |
| PATRICK SYRING, ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE OF POLITICAL CONFLICT**

COMES NOW the Defendant, Patrick Syring, by his undersigned counsel, and hereby submits this Response to the Government's Motion *in Limine* to Exclude Evidence of Political Conflict ("Motion"). From Mr. Syring's standpoint, this case is about nothing *other than* political conflict and his right to express his opinion thereon. In any event, the Motion is confusing in that it seems to: seek different ends in different parts of the Motion; seek to exclude some of the very things with which it has charged Mr. Syring, and which are explicitly set forth in the Indictment; be overly broad and premature. Therefore, as more fully discussed below, Mr. Syring opposes the Motion and suggests that the most prudent course is to wait until these issues are ripe, which will only be known if and when they arise during trial. *United States v. Brown,* 503 F.Supp.2d 239, 240 and n.1 (D.D.C. 2007). At that point, the Court can conduct the careful balance of probative value and prejudice with a clear understanding of the facets of the testimony that are not, at this juncture, known. *Id.; United States v. Lewis,* 482 F.2d 632, 643-644 (D.C. Cir. 1973).

### I. The Motion is Premature, and Resolution of the Issues Raised Therein Should Await Trial, if and When They Arise.

The government seeks exclusion of "irrelevant and/or cumulative references by the Defendant to political conflict and terrorism concerning the Middle East and Arab people." Motion at 1. While Mr. Syring agrees that irrelevant and overly cumulative evidence of any sort should be excluded at trial, he submits that a determination of what may be irrelevant and/or cumulative cannot be determined now, and is best left to resolution during trial, as the evidence and record are developed. As the government acknowledges, "some reference to events in the Middle East . . . may be necessary . . ." *Id.* It then opines that "extensive discussion . . . is not relevant . . ." *Id.* While relevant evidence does not become irrelevant via "extensive discussion," Mr. Syring recognizes that overly repetitious evidence can properly be limited by the Court and submits that the decision concerning where the line should be drawn is best determined at trial. Thus, these requests by the government are premature and should not be ruled on pre-trial.[1]

### II. The Government's Request That Mr. Syring be Precluded From Referring to the AAI as a Terrorist Organization, and From Presenting Evidence That he Sought to Prevent Terrorism, Must be Denied.

Next, the government requests "an order precluding Defendant from referring to the Arab American Institute (AAI) as a terrorist organization or presenting evidence that, through his communications, Defendant was seeking to prevent terrorism." *Id.* This portion of the Motion should be denied.

---

[1] The government also contends that "it" is unduly prejudicial "because it risks inflaming the passions of the jury against terrorism . . ." Motion at 2. It appears that by "it," the government is referring only to "extensive evidence," and not to merely "[s]ome discussion of this subject matter . . ." *Id.* In any event, an argument from the Executive Branch about the "risks of inflaming the passions . . . against terrorism . . ." is curious, indeed. It is unlikely that Mr. Syring could inflame those passions any more than the Executive Branch itself already does.

2

With regard to the preclusion of any reference to the AAI as a terrorist organization, the Motion seems somewhat pointless. Such sentiments are repeatedly expressed in the statements contained in the Indictment that the government attributes to Mr. Syring. Presumably, the government will rely on those statements in its case-in-chief. If it does, it will be the government proffering evidence that Mr. Syring referred to the AAI as a terrorist organization, in league with Hezbollah. Any additional reference by Mr. Syring to such views is not, therefore, going to inject anything into the trial that the government will not already have presented.

Moreover, as both parties agreed in their pleadings concerning Mr. Syring's Motion to Dismiss, and as this Court held in ruling on that motion, the *context* in which statements are made is critical to determination of whether the statements arise to the level of requisite "true threats." Indeed, as noted in the Court's Memorandum Opinion of November 19, 2007, "[t]his focus on context derives from *Watts,* wherein the Supreme Court explicitly considered the context of the defendant's speech in determining that his remarks constituted protected political hyperbole, rather than a true threat." Memorandum Opinion at 8. If Mr. Syring believed that the AAI is a terrorist organization, and his subject speech was an expression of his opinion thereof, and in reaction thereto, then those views are part of the context which the jury should consider in order to determine whether the statements rise to the level of "true threats."

The same holds true with regard to any evidence that Mr. Syring, "through his communications, . . . was seeking to prevent terrorism." Motion at 1. The government's attempt to suppress such evidence is particularly troubling given that – in its opposition to Mr. Syring's Motion to Dismiss – the government made much of the fact that Mr. Syring allegedly told the FBI that he made the subject statements "to intimidate" Dr. Zogby, AAI's President. The government will undoubtedly tout that fact at trial. Mr. Syring is certainly entitled to respond,

including to explain what he meant when he said he was attempting to "intimidate" Dr. Zogby. If part of that explanation is that Mr. Syring was trying to prevent or minimize terrorism, he has a right to present such evidence to defend himself against the claim that he was making "true threats."

For these reasons, this portion of the government Motion should be denied.

### III. The Government's Specific Requests are Overly Broad and Concern Matters That Should not be Categorically Excluded but Should, Rather, be Dealt With if and When They Arise at Trial.

The four classes of facts that the government lists at the end of its Motion, *id.* at 2-3, are overly broad. Facts falling within those categories should not be categorically ruled off-limits. Rather, if facts from any of those categories arise at trial, the issues are best dealt with at that stage, where the Court can best judge whether their admissibility is warranted.

For example, as we have noted above, unless the government intends to return a superseding indictment that excises the bulk of its current indictment, the government itself will be introducing a substantial amount of evidence that falls within the first category it seeks to exclude. If the government plans to introduce the statements attributed to Mr. Syring, it makes little sense to prevent him from introducing evidence in connection with those issues.

Moreover, whereas the government acknowledges that "[s]ome discussion of this subject matter may be necessary to place into context defendant's comments . . .," *id.* at 2, its request at the end of its motion does an about-face. It requests exclusion of "*[a]ny* reference" to anything falling within its four enumerated categories, claiming "it is not relevant . . ." *Id.* (emphasis added).

These requests are all premature, largely because they are overly broad and cover things that the government acknowledges are going to be relevant. Rather than succumb to the

4

government's request, the more prudent approach is to deal with evidentiary issues as they arise at trial.

## CONCLUSION

For the reasons discussed herein, Mr. Syring respectfully requests that the Court deny the Motion to the extent it attempts to categorically exclude evidence, and to the extent it seeks to suppress relevant context evidence. He suggests that rulings on the balance of this Motion be held in abeyance and dealt with at trial, in the event they arise there, when such issues would be ripe.

Dated: November 30, 2007         Respectfully submitted,

SCHERTLER & ONORATO, L.L.P.

                              /s/
David Schertler (#367203)
Peter V. Taylor (#419524)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Counsel for Mr. Patrick Syring*