## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 07-204 (CKK)** |
| | ) | |
| **PATRICK R. SYRING,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

### PATRICK SYRING'S APPLICATION FOR FEDERAL
### RULE OF CRIMINAL PROCEDURE 17(c) SUBPOENA DUCES TECUM

Comes now the Defendant, Patrick Syring, by his undersigned counsel, and hereby makes

the following application requesting that the Court authorize the issuance of the attached Rule

17(c) subpoena *duces tecum*[1] mandating the production of requested records in the possession of

the Arab American Institute (AAI).  The authorization and issuance of this Rule 17(c) subpoena

will assist in an orderly trial and safeguard Mr. Syring's Constitutional rights to due process and

effective assistance of counsel.  The reasons for the request are as follows:

### I.    BACKGROUND

The Defendant, Patrick Syring, was charged by indictment with two counts, both based

on alleged threats, in violation of 18 U.S.C. § 245(b)(2)(C) and 18 U.S.C. § 875(c).

At issue in this case is whether the words allegedly written or uttered by Mr. Syring

constitute threats.  Witnesses in this case worked at the AAI.   It is exculpatory evidence in this

case if witnesses and other employees at AAI did not perceive the written or uttered words by

Mr. Syring as threats.   Other persons, unknown to Mr. Syring, have made similar so-called

negative and threatening statements to witnesses and employees at the AAI.   Indeed, it is

---

[1] A copy of the proposed Rule 17(c) Subpoena is attached hereto as Attachment A.

exculpatory evidence if witnesses and other employees at the AAI did not perceive these similar so-called negative and threatening statements as threats.

Mr. Barry Kowalski, an attorney at the U.S. Department of Justice, and witnesses in the grand jury discussed the fact that the Department of Justice and specifically Mr. Kowalski had been forwarded so-called threatening emails and phone messages received by employees of the AAI. *See, e.g.,* Grand Jury Testimony of Rebecca Brown, at 13. Mr. Kowalski and witnesses also discussed the fact that he and the Department of Justice prosecuted other individuals for sending so-called harassing messages to the AAI and its employees. *See, e.g.,* Grand Jury Testimony of James Zogby, at 16. We therefore request a subpoena for:

> 1.    Any and all such negative or threatening emails or messages received by any employee, officer or agent of the AAI since September 11, 2001, and any and all such emails or correspondences between any employee, officer or agent of the AAI relating to or referencing the receipt of negative or threatening messages and any other person or entity, including, but not limited to, correspondences with the Department of Justice, any other governmental investigatory agency or any other employee, officer or agent of the AAI. We also request the names, phone numbers, and addresses of all such persons who received so-called negative or threatening emails.

Additionally, so-called negative and threatening statements made to AAI employees were not necessarily perceived as threats, and evidence of this is exculpatory to Mr. Syring. As the Indictment makes clear, the phrases "the only good Lebanese/Arab is a dead Lebanese/Arab" and "death to Lebanon/the Arabs" recur throughout Mr. Syring's alleged communications with employees of the AAI. These phrases, however, are common in the Middle East and are considered an insult or put-down rather than a threat.

By way of example, Ms. Rebecca Abou-Chedid, the AAI's Government Relations and Policy Analyst, does not consider these phrases a threat. According to an interview with the FBI, memorialized in Form FD-302, Ms. Abou-Chedid told the Agent that:

> the phrase 'The only good Lebanese is a dead Lebanese'
> . . . is a well known phrase to use when you want to 'dehumanize'
> a Palestinian or someone from Lebanon. That phrase was used by
> Israeli Chief of Staff Rafael Eitan in 1983 . . . when he was talking
> negatively towards Lebanon, according to Abou-Chedid. When
> Abou-Chedid attended college she recalled discussing that phrase
> during Arab/Israeli conflict classes.

Taylor Decl. at ¶ 3.[2]

Mr. Syring therefore requests a subpoena for:

> 2.      Any and all written correspondences, memoranda, reports
> or documents that evince, suggest, purport or otherwise indicate
> that the statement "the only good Lebanese is a dead Lebanese,"
> and any such similar statement, is not a threat, and rather
> understood in Middle Eastern culture as an insult, put-down, or
> anything less than a threat.

## II.     THE PRESENT MOTION

Pursuant to Federal Rule of Criminal Procedure 17(c), in this application, Mr. Syring requests that the Court authorize the issuance of the attached 17(c) subpoena *duces tecum* mandating the production of the requested records from the AAI.

## III.    LEGAL ARUGMENT

Rule 17(c) of the Federal Rules of Criminal Procedure provides:

> The court may direct that books, papers, documents or objects
> designated in the subpoena may be produced before the court at a
> time prior to the trial or prior to the time when they are to be
> offered in evidence and may upon their production permit the

---

[2] A copy of the Taylor Declaration is attached hereto as Attachment B. The exhibits relating to the Taylor Declaration are not attached to this motion, and can be found in Document 11-2, which was filed with the Court on 10/12/07.

> books, papers, documents or other objects or portions thereof to be
> inspected by the parties and their attorneys.

FED. R. CR. P. 17(c).  "Rule 17(c) reflects the command of the Sixth Amendment that the full power and processes of the courts are available to defendants in criminal cases to help them defend against the charges brought by the Government." *United States v. Beckford*, 964 F.Supp. 1010, 1016 (E.D. Va. 1997).  The rule serves to facilitate fair and efficient trials by "providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).  The decision whether to authorize the issuance of a Rule 17(c) subpoena is within the sound discretion of the Court.  *United States v. Nixon*, 418 U.S. 683, 702 (1973).

The attached subpoena is directed to documents either contained at the AAI or in the possession or control of its officers or employees.  Evidence that employees at the AAI did not perceive other negative or threatening emails to constitute threats is exculpatory because it suggests that Mr. Syring's communications with employees at the AAI were not perceived as actual threats.  Additionally, evidence that the substance of Mr. Syring's statements, *e.g.*, "the only good Lebanese is a dead Lebanese," are not generally perceived as threats by employees at the AAI also counsels that Mr. Syring's specific communications with employees at the AAI were not perceived as actual threats.  As such, the attached Rule 17(c) subpoena should be issued because the documents are "relevant to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700.  Additionally, the documents may constitute exculpatory information, which is properly obtainable pursuant to a Rule 17(c) subpoena. *See United States v. King*, 194 F.R.D. 569, 573-74 (E.D. Va. 2000); *cf. Brady v. Maryland*, 373 U.S. 83, 87-88 (1963); *Giglio v. United States*, 405 U.S. 150, 154 (1972).  Furthermore, the documents are likely to be admissible and are not otherwise procurable reasonably in advance of trial by exercise of due diligence. *See Nixon*, 418

U.S. at 699-700.  Mr. Syring cannot properly prepare for trial without such production and inspection in advance of trial and failure to obtain such inspection may tend unreasonably to delay the trial.  Finally, this application is made in good faith and is not intended as a general "fishing expedition."  *Id.*

The documents requested pursuant to the attached Rule 17(c) subpoena are essential to preserving Mr. Syring's ability to mount an adequate defense against the charges in this case. The documents verify the heart of Mr. Syring's defense relating to how the witnesses in his case perceived his statements.

As such, Mr. Syring requests a return date of Dec. 12, 2007, and that the documents be produced to the offices of Schertler & Onorato, L.L.P., Attention:  David Schertler, 601 Pennsylvania Avenue, NW, North Building, 9th Floor, Washington, D.C.  20004, counsel for Mr. Syring.

Within five (5) business days of receipt of documents under the subpoena here applied for, counsel for Mr. Syring will make available copies of all documents received pursuant to this subpoena to the government.

## IV.    CONCLUSION

Wherefore, Mr. Syring respectfully requests that the Court sign the attached order authoring issuance of the attached subpoena *duces tecum* pursuant to FED. R. CR. P. 17(c).

Dated: November 30, 2007                    Respectfully submitted,

                                            SCHERTLER & ONORATO, L.L.P.


                                            _____/s/_____
                                            David Schertler (#367203)
                                            Peter V. Taylor (#419524)
                                            601 Pennsylvania Avenue, NW
                                            North Building, 9th Floor
                                            Washington, DC 20004
                                            Telephone:  (202) 628-4199
                                            Facsimile:  (202) 628-4177

                                            *Counsel for Mr. Patrick Syring*

# ATTACHMENT A

✎ AO89  (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ COLUMBIA

UNITED STATES OF AMERICA

### V.

### PATRICK R. SYRING

**SUBPOENA IN A
CRIMINAL CASE**

Case Number:   1:07-CR-204

TO:    American Arab Institute
Custodian of Records
1600 K Street, NW
Suite 601
Washington DC  20006

☑ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case.   This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| United States District Court for the District of Columbia<br>333 Constitution Avenue, NW<br>Washington, DC 20001 | 28A Judge Kollar-Kotelly |
| | DATE AND TIME<br>1/7/2008 9:00 am |

☑ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

To counsel for the Defendant, at the following address, by December 12, 2007: Schertler & Onorato, L.L.P., Attn: David Schertler, 601 Pennsylvania Avenue, North Building, 9th Floor, Washington, DC  20004.

1. Any and all such negative or threatening e-mails or messages received by any employee, officer or agent of the AAI since September 11, 2001, and any and all such emails or correspondences between any employee, officer or agent of the AAI relating to or referencing the receipt of negative or threatening messages and any other person or entity, including, but not limited to, correspondences with the Department of Justice, any other governmental investigatory agency or any other employee, officer or agent of the AAI.  We also request the names, phone numbers, and addresses of all such persons who received so-called negative or threatening e-mails.

2. Any and all written correspondences, memoranda, reports or documents that evince, suggest, purport or otherwise indicate that the statement "the only good Lebanese is a dead Lebanese," and any such similar statement, is not a threat, and rather understood in Middle Eastern culture as an insult, put-down, or anything less than a threat.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

David Schertler, Esquire (DC Bar #367203), Peter Taylor (DC Bar #419524) - (202) 628-4199
601 Pennsylvania Avenue, NW, North Building, 9th Floor, Washington, DC 20004

AO89  (Rev. 7/95)  Subpoena in a Criminal Case (Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| **RECEIVED BY SERVER** | DATE | PLACE |
| **SERVED** | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS<br><br>☐ YES    ☐ NO    AMOUNT $ _____ |
| SERVED BY (PRINT NAME) | | TITLE |

| DECLARATION OF SERVER |
|---|

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   _____
                       DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

ADDITIONAL INFORMATION

# ATTACHMENT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 07-204 (CKK) |
| | ) | |
| PATICK SYRING, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## DECLARATION OF PETER V. TAYLOR

I, PETER V. TAYLOR, pursuant to 28 U.S.C. § 1746, state the following:

1.    Attached as Exhibit 1 are pages printed from the website of the Arab American

Institute ("AAI"). Some were printed from that website on November 1, 2006, and some were

printed on October 9, 2007, as reflected on the bottom of each such page.

2.    I have called the AAI's main telephone number, as listed on the "Contact Us"

page of Exhibit 1, after normal business hours. When I did so, I was provided with an oral AAI

telephone directory and given the option to call individual AAI employees' direct telephone

numbers.

3.    As part of its discovery obligations, the government has turned over to Mr.

Syring's counsel an October 10, 2006 Form FD-302, reflecting the interview that the FBI Special

Agent investigating this case ("Agent") conducted with Ms. Rebecca Abou-Chedid. According

to the AAI's website, Ms. Abou-Chedid is the AAI's Government Relations and Policy Analyst.

*See* Ex. 1, attached hereto. In her interview with the Agent, Ms. Abou-Chedid identifies herself

as being of Lebanese origin. According to the Agent's October 10 Form FD-302, Ms. Abou-

Chedid told him that

the phrase 'The only good Lebanese is a dead Lebanese'
. . . is a well known phrase to use when you want to 'dehumanize'
a Palestinian or someone from Lebanon. That phrase was used by
Israeli Chief of Staff Rafael Eitan in 1983 . . . when he was talking
negatively towards Lebanon, according to Abou-Chedid. When
Abou-Chedid attended college she recalled discussing that phrase
during Arab/Israeli conflict classes.

4.    According to another Form FD-302 prepared by the Agent, Mr. Syring was

stationed in Lebanon in 1993-94, and again in 1998-99, as part of his State Department career.

5.    Attached hereto as Exhibit 2 is a copy of a speech given by President Bush on

September 5, 2006. In that speech, the President stated:

> Just as we must take the words of the Sunni extremists seriously,
> we must take the words of the Shia extremists seriously. Listen to
> the words of *Hezbollah's leader*, the terrorist Nasrallah, who has
> declared his hatred of America. He says, "Let the entire world hear
> me. Our hostility to the Great Satan [America] is absolute ...
> Regardless of how the world has changed after 11 September,
> *Death to America will remain our reverberating and powerful
> slogan: Death to America.*"

Ex. 2 at p. 5 (emphasis added).

6.    Attached hereto as Exhibit 3 is an internet news article from the website

seattlepi.com concerning the July 28, 2006 shooting at the Seattle Jewish Federation, in which a

Muslim man opened fire on Jewish women, killing one and wounding several others. That

report quotes the gunman, Naveed Afzal Haq, as having said, "I am a Muslim American, angry

at Israel" before opening fire.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this __12th__ day of October, 2007.

_____
PETER V. TAYLOR

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 07-204 (CKK)** |
| | ) | |
| **PATICK SYRING,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**ORDER**

Upon consideration of the Application of Patrick Syring for an order authorizing issuance

of a subpoena pursuant to Fed. R. Crim. Proc. 17(c), it is hereby **ORDERED**

    (a) that the attached subpoena is approved for issuance and service by counsel for Patrick
        Syring, and

    (b) that the subpoena designate the date of December 12, 2007, as the date for the return
        of documents.

**SO ORDERED.**

_____                       _____
Date                                             Judge Colleen Kollar-Kotelly