UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 07-204 (CKK) |
| | : | |
| PATRICK SYRING, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE
OTHER CRIMES AND BAD ACTS EVIDENCE PURSUANT TO
FEDERAL RULES OF EVIDENCE 404(b)**

The United States Attorney, by and through the United States Attorney for the District of Columbia, hereby moves *in limine* for admission of certain evidence pursuant to Federal Rules of Evidence 404(b).  The government relies upon the points and authorities cited herein and at any hearing on this matter to support its request for admission of this evidence.

NOTICE OF GOVERNMENT'S INTENT TO SEEK ADMISSION OF EVIDENCE
PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b)

The government hereby gives notice to the defendant of its intention to seek to admit evidence pursuant to Federal Rules of Evidence 404(b).

Rule 404(b) requires the government to provide the defendant with "reasonable notice in advance of trial" of its intent to introduce evidence pursuant to this rule.  See Fed. R. Evid. 404(b) (West 2006).  That notice should inform the defendant of "the general nature" of the evidence that the government will seek to admit.  Id.

Accordingly, the government hereby gives the defendant notice of its intent to introduce the following evidence:

In July 2002, the American Consul General in Frankfurt, Germany, Edward B. O'Donnell recommended to the American Ambassador to Germany that the Defendant be curtailed from his assignment in that country. That recommendation followed a series of incidents in which the defendant demonstrated animus towards persons of Middle Eastern decent. The Defendant requested the curtailment, knowing that approval would be recommended, after being admonished by the Consul General.

In 2002, the Defendant, as part of his duties at the Consular Section in Frankfurt, reviewed visa applications to enter the United States submitted by foreign nationals. The Defendant began to circle the "country of birth," if the applicant indicated on the application that he or she had been born in a Middle Eastern country and placed a large letter "T" on those applications. The defendant later admitted that he intended the "T" to represent his view that the applicant was a "terrorist" merely because the person had been born in a Middle Eastern country.

In November of 2002, the Defendant returned by mail the passports and visa application documents of two applicants, writing the word "terrorism" on the outside of both mailing envelops. Each applicant had been born in a Middle Eastern country; but, the Defendant had no information to support a conclusion that either person had any connection with terrorism. One applicant was born in Iran but had lived for many years in Germany with her businessman husband. On that application, the applicant's place of birth was circled and the words "strong terrorism – Iran" were indicated as the reason for refusal. Additionally, the envelope (with "Terrorism" written upon it) was mailed to the applicant's husband's place of employment.

As a result of the Defendant's actions in regard to Middle Eastern visa applications, the Chief of the Consular Section admonished him about his lack of objectivity in adjudicating visa

applications. His Chief told him that he could not punish people because of their country of birth. The Defendant retorted adamantly that, in his view, applicants supported terrorism solely by virtue of the fact that they were citizens of certain countries. Thereafter, the Chief was cautious about assigning applications of persons from certain countries to the Defendant to adjudicate and reviewed all his refusal decisions.

On July 9, 2003 – using the same email address utilized to send some of the recent threatening communications to the Arab American Institute – the Defendant sent an email to the Commerzbank Frankfurt criticizing that institution's involvement in a loan to Iran. He ended the email with the invective, " * * * you should all burn in hell for eternity * * *." Counsel General O'Donnell admonished the Defendant, an official representative of the United States in a foreign country, for sending such a communication and for his previous mishandling of the visa application of persons of Middle Eastern descent. The Consul General agreed to recommend that the Defendants's curtailment request be approved as being in the best interest of the post, thus prematurely ending the Defendant's overseas tour.

LEGAL ARGUMENT

A.    Admissibility of 404 (b) Evidence Generally

All relevant evidence is admissible, except as provided by the Constitution of the United States, by Act of Congress, by the Federal Rules of Evidence, or by other rules prescribed by the Supreme Court pursuant to statutory authority. See Fed. R. Evid. 402 (West 2006). Evidence is relevant if it tends to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed. R. Evid. 401 (West 2006).

Rule 404(b) provides that evidence of "other acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while "the first sentence of the rule is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998)(internal quotations omitted). In short, " Rule 404(b) bars not evidence as such, but a theory of admissibility." Id. As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002)(citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), '*any* purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character.'" Id. (emphasis in original).

All evidence, is subject to the strictures of Rule 403. Thus, the admissibility of "other acts" evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue in the case, see Fed. R. Evid. 404(b), including propensity, see Fed. R. Evid. 414, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. See United States v. Moore, 732 F.2d 983, 987, 989 (D.C.

Cir. 1984); Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[1]

As discussed more fully below, the evidence which the government seeks to admit in this case easily meets the requirements of the Federal Rules of Evidence.

B.  The Evidence of "Other Acts" is Relevant to the Defendant's Motive and Intent.

The Unites States seeks to introduce this "other acts" evidence only as to Counts I which charges a violation of 18 United States Code, Section 245 (b)(2)(C). As an element of that count, the United States must show that the defendant's conduct was because of the victims' race or national origin. The statue requires proof that the defendant had this specific motive as an element of the crime. United States v. McInnis, 976 F.2d 1226 (9th Cir. 1992).

In United States v. Franklin, 704 F.2d 1183 (10th Cir. 1983), the defendant was accused of interfering with the rights of two African-Americans to use public facilities by killing them. The government sought to prove the racial motive behind the killing by offering evidence pursuant to Rule 404(b) that the defendant had previously sprayed an African-American man and a white woman with mace and later told the police that he thought that interracial interactions

---

[1] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 404(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. at 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

were wrong. In affirming the admission of the evidence, the Tenth Circuit noted that the government was obligated to prove the defendant's racial motive in the killing as an element of the crime. Id. at 1188. As such, the use of "other acts" evidence that demonstrated racial animus on prior occasion was admissible.

In United States v. Woodlee, 136 F.3d 1399 (10th Cir. 1998), the Tenth Circuit again ruled that "other acts" evidence was properly admitted in a Section 245 prosecution. In prosecuting another racially motivated shooting, the government sought to introduce evidence against the defendant about a conversation between himself and a friend, Terry Gibson, that occurred about a week before the shooting in question. In that conversation, the defendant objected to accompanying Gibson because he learned that a "mixed race" woman would join them. Id., at 1410. The court held that evidence of past racial animosity was relevant to establish the elements of Section 245 and that it fell "squarely within the motive and intent purposes delineated in 404(b)." Id.

Similarly, the Ninth Circuit rejected a challenge in United States v. Allen, 341 F.3d 870, 885 (9th Cir. 2003), to the admission of photographs and literature connecting the defendants to skinhead and white supremacist symbols and beliefs in a prosecution under Section 245 for conspiring to commit a racially motivated attack in a public park. While the objection was couched under Rule 403, the Court's reasoning paralleled the analysis applicable under 404(b). The court noted that the government produced the skinhead and white supremacy evidence to prove the defendant's racial animus in committing their crimes. While the defendants admitted their racially hostile beliefs, the Court recognized that the government could offer the evidence - and was not bound to accept the defendant's stipulations - in order to prove the motivation

6

elements of Section 245.  Id. at 888.

One of the elements the United States is required to prove in Count I of the Indictment is that the defendant threatened the victims because of their race and national origin, because they were Arab and Lebanese, respectively.  The "other acts" evidence the United States seeks to introduce shows that the defendant harbored strong bias against people of Middle Eastern decent and acted against people of Middle Eastern descent based upon on that bias.  The proffered evidence is thus probative of the defendant's intent to act, because of the victims' race or national origin, by sending threatening communications – including invectives against Arabs and Lebanese –  to the employees of the Arab American Institute.

WHEREFORE, for the above-stated reasons, the government respectfully requests that this Court grant its motion *in limine* to admit the proposed evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____
Julieanne Himelstein
Assistant U.S. Attorney
555 4th Street, N.W., 4th Floor
Washington, D.C.  20530
(202) 514-8203