IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 07-204 (CKK) |
| ) | |
| PATRICK SYRING, ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Defendant, Patrick Syring, by and through undersigned counsel, respectfully moves the Court for an Order to Compel the Production of Discovery and Brady Material in the above-captioned case. As grounds for the motions, Mr. Syring states as follows:

**I.      Factual Background**

As the Court is aware, the Indictment charges Patrick Syring with two crimes based solely on his alleged communications to six employees of the Arab American Institute ("AAI"). Indictment at ¶ 1 - 10. The AAI is a private, non-profit interest group that represents the interests of Arab Americans in the United States. *Id.* at ¶ 1. Its offices are in the District of Columbia. *Id.* Mr. Syring resides in Arlington, Virginia. *Id.* at 3.

On or about November 29, 2007, counsel for Mr. Syring sent a number of discovery letters to the lead prosecutors in this case requesting critical pieces of evidence so that Mr. Syring could effectively defend this case. *See* Letters attached as Exhibits 1 and 2. To date, the government has failed to respond to the letters.

## II. Legal Authority

### A. Rule 16

The information sought by Mr. Syring fits squarely within the confines of Rule 16(a)(1)(E) which provides, in relevant part, that the government must permit the defendant to "inspect and to copy or photograph books, papers documents, data, photographs, tangible objects … or copies or portions of any of these items, if the item is within the government's possession, custody or control and . . .the item is material to preparing the defense."

### B. Brady

In addition, much of the material sought by Mr. Syring must be supplied under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. As the Honorable Paul Friedman of this Court has recently written, "[t]oo often in criminal cases the prosecution and defense are like two ships passing in the night when it comes to *Brady*; they fail to begin with a common understanding of the *Brady* decision and what is meant by the government's so-called '*Brady* obligation.'" *United States v. Naegele,* 2007 WL 18931 at *1 (D.D.C. 2007) (J. Friedman). Judge Friedman further stated,

> To review, under *Brady* and its progeny "[t]he government is obligated to disclose all evidence relating to guilt or punishment which might be reasonably considered favorable to the defendant's case, that is, *all favorable evidence that is itself admissible or that is likely to lead to favorable evidence that would be admissible, or that could be used to impeach a prosecution witness*."

*Id*. (quoting *United States v. Safavian,* 233 F.R.D. 12, 17 (D.D.C. 2005) (emphasis added).

**III.** **Analysis**

In letters to the government dated November 29, 2007, Mr. Syring asked for the following material to be provided:

1. Copies of any and all so-called threatening emails received by employees of the Arab American Institute in the possession of the government.

2. In the grand jury, the government introduced evidence that the Department of Justice prosecuted other individuals for sending so-called harassing messages to the AAI and its employees. *See, e.g.*, Grand Jury testimony of James Zogby at page 16. Mr. Syring requests (1) the names of any and all persons that were investigated by the Department of Justice for any such actions, (2) access to any and all communications that formed the basis of such investigations, (3) names of any and all persons charged as a result of those communications, (4) any and all witnesses statements, including but not limited to FBI 302s and grand jury testimony, of any person interviewed by the government, and (5) any reasons in the which the Department of Justice failed to prosecute any of those individuals.

3. One witnesses, Rebecca Brown, told the government that she did not know if the communications at issues were threatening. As such, we request that the government produce any and all written communications between the witnesses and prosecutors from the Department of Justice, including summaries of what prosecutors said to witnesses.

4. We request that we gain immediate access to all of the e-mails of Rebecca Brown. In an FBI 302 dated, December 21, 2006, Ms. Brown indicated in an email that the emails sent by Patrick in Arlington "may" be a threat to the office. The fact that she characterized any purported communications in such a fashion is exculpatory.

5. Ms. Brown also indicated that she forwarded threatening emails from a man named Daniel Middleman to Mr. Kowalski. We are seeking copies of those emails.

6. We demand that that the government provide us access to the exact words uttered by Mr. Kowalski to Ms. Brown that describe the term "bodily harm level." In addition, we demand to know how Mr. Kowalski defined that term or whether any of the grand jurors were instructed on that term.

7.  We request that the government provide copies of any and all communications between Rebecca Abou Chedid, Natasha Tynes and Valerie Smith and any other witnesses in the case, including any government agents and prosecutors.

8.  Valerie Smith told the government that she sees negative messages on a regular basis. We demand access to any and all such information and reiterate our request to have access to information concerning whether any prosecutions that resulted from those messages.

9.  In an FBI 302 dated 12/22/2006, Mr. Zogby indicated that he and the AAI receive many negative contacts. We demand access to each and every negative contact that the AAI and Mr. Zogby has received since September 11, 2001.

All of the material sought by Mr. Syring is discoverable under the plain language of Rule 16(a)(1)(E). In addition, much of the information is *Brady* material as it *is "all favorable evidence that is itself admissible or that is likely to lead to favorable evidence that would be admissible, or that could be used to impeach a prosecution witness."* *Naegele,* at *1. Mr. Syring has attempted to gain access to the material informally by way of letter and has been forced to file the instance motion because the government has failed to respond.

WHEREFORE, the Defendant respectfully requests that this Motion be granted.

Dated this 14th day of December, 2007.

Respectfully submitted,

SCHERTLER & ONORATO, L.L.P.

_____/s/_____
David Schertler (#367203)
Danny Onorato (#480043)
Peter V. Taylor (#419524)
601 Pennsylvania Avenue, NW
North Building, 9th Floor
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177

*Counsel for Mr. Patrick Syring*

4

# EXHIBIT 1

Case 1:07-cr-00204-CKK    Document 41-2    Filed 12/14/2007    Page 1 of 7

# SCHERTLER & ONORATO, L.L.P.

| David Schertler<br>*DC & IL Bars* | Vincent H. Cohen, Jr.<br>*DC, MD & NJ Bars* | Claire Morris Clark<br>*VA Bar* |
|---|---|---|
| Danny C. Onorato<br>*DC & CA Bars* | David H. Dickieson<br>*DC, MD, VA & PA Bars* | Veronica Renzi Jennings<br>*MD Bar* |
| | Lisa Fishberg<br>*DC, MD & NY Bars* | Habib F. Ilahi<br>*DC & TX Bars* |
| | Mark E. Schamel<br>*DC, MD & NY Bars* | Michael Starr<br>*DC Bar* |
| | Robert J. Spagnoletti<br>*DC, NJ, NY & TX Bars* | Peter V. Taylor<br>*DC Bar* |

November 29, 2007

Julieanne Himelstein, Esq.
Assistant U.S. Attorney
United States Attorney's Office
555 4th Street, N.W., Fourth Floor
Washington, D.C. 20001

Mark Blumberg, Esq
U.S. Department of Justice
Civil Rights Division,
601 D Street, N.W.
Washington, D.C. 20004

      Re:    <u>United States v. Patrick Syring</u>

Dear Counsel:

      We are writing on behalf of Defendant Patrick Syring regarding discovery in this case. Mr. Syring, in order to preserve all of his rights, is respectfully submitting this formal request for discovery. He makes this request pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rules 12, 16, and 26.2 of the Federal Rules of Criminal Procedure, and the additional authority set forth below.

      Mr. Syring requests that you produce and/or permit him to inspect and copy or photograph the materials specified below. This request encompasses not only documents and information in your possession, custody, or control, but also documents and information in the possession, custody, and control of any agencies of the United States involved in any way in regulating or investigating the activities alleged in the Indictment or related transactions, including, but not limited to the U.S. Attorney's Office for the District of Columbia, the Department of Justice, the Federal Bureau of Investigation (FBI), Department of State, and/or federal or local law enforcement agencies or investigatory bodies that participated in the investigation.

      Mr. Syring requests that the government comply with all of its discovery obligations under federal law, including, but not limited to, the following:

ATTORNEYS AT LAW   |   601 Pennsylvania Avenue, N.W.   |   202.628.4199
North Building, 9th Floor   |   202.628.4177 *fax*
Washington, D.C. 20004-2601   |   www.schertlerlaw.com

<u>Rule 16(a)(1)(E) Material</u>

Pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, Defendant requests access to all material within the government's possession, custody, or control that: 1) is material to the preparation of the defense; (2) the government intends to use in its case-in-chief at trial; or (3) was obtained from, or belongs to, the Defendant. As part of this request, Defendant specifically requests the following information:[1]

1. All prior witness statements of any and all potential government witnesses, including videotaped statements, deposition transcripts, FBI 302 memoranda of interview, grand jury transcripts and trial transcripts; and

2. All documents reflecting communications between Mr. Syring and anyone in the possession of the government.

<u>*Brady* Material</u>

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 27 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), *Kyles v. Whitney*, 514 U.S. 419 (1995), Mr. Syring requests immediate identification and disclosure of all materials that are exculpatory, would tend to negate the guilt of the Defendant or mitigate the offense, would tend to impeach witnesses, or are relevant to issues of punishment or sentencing, which are in the government's possession, custody or control, or otherwise known to the government, including but not limited to:

1. all documents or information (in whatever form), notwithstanding its nature or source, which would tend in any way to benefit Defendant, whether by way of exculpation or preparation for or presentation of their defense against the charges in the Indictment or for mitigation at a punishment stage;

2. all documents or information (in whatever form) indicating or tending to establish that the Defendant did not participate in any one or more of the events in the Indictment;

3. all documents or information (in whatever form) indicating or tending to establish that any meeting, conversation, use of words, or practices that are the subject of the Indictment did not violate Government laws, regulations, standards or established practices;

4. all documents or information (in whatever form) that may serve to impeach any government witness, including but not limited to:

   ▪ all documents or information that shows any conviction or arrest of any government witness;
   ▪ all documents or information relating to promises made or any consideration or inducements made to any prospective government witness, whether directly to the witness or indirectly to the witness attorney,

---

[1] All of these requests are continuing in nature, requiring supplementation in accordance with Rule 16(c) of the Federal Rules of Criminal Procedure.

friends, family or business associates. Consideration means anything of value or use, including immunity grants, whether formal or informal, witness fees, transportation assistance, money, or assurance of favorable treatment with respect to any criminal, civil, or administrative matter;
- all documents or information relating to material inconsistencies between statements given or transmitted by any person to the government or to any private person or entity, and all statements or other information which would tend to impeach the credibility of any intended witness;
- all information bearing adversely on the character or reputation of any intended government witness, including all evidence of community reputation for lack of truthfulness;
- each specific instance of conduct from which it could be inferred that any intended government witness is untruthful;
- all documents or information (in whatever form) relating to the disclosure of grand jury materials without obtaining a prior court order, including but not limited to disclosure to the media and/or to representatives of the FBI;

5. all transcripts of testimony before the grand jury in this case or FBI 302s containing exculpatory information;

6. reflecting that any employee of the Arab American Institute ("AAI") indicated any question or confusion concerning whether any statement attributed to Mr. Syring was or constituted a threat;

7. evidence of any government employee or agent defining, or attempting to define, to any employee or agent of the AAI what constitutes a threat, including what definition was given, the identity of the person providing the definition and each person to whom that definition was given by the government employee or agent; and

8. any evidence that any person told any government employee or agent that Mr. Syring is peaceable, peace-loving, law abiding or a person who would not threaten someone else, regardless of whether the person used those exact words, including the identity of the person making each such statement, the identity of the government employee or agent to whom each such statement was made, and any documents reflecting any such statement.

The Supreme Court has recognized that Rule 3.8 imposes a higher standard on prosecutors than the standards mandating disclosure of exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). See Kyles v. Whitley, 514 U.S. 419, 437 (1995) ([Brady] requires less of the prosecution than the ABA Standards for Criminal Justice, which call generally for prosecutorial disclosures of any evidence tending to exculpate or mitigate. See ABA Standards for Criminal Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) (A prosecutor should not intentionally fail to make timely disclosure to the defense, at the earliest feasible opportunity, of the existence of all evidence or information which tends to negate the guilt of the accused or mitigate the offense charged or which would tend to reduce the punishment of the accused); ABA Model Rule of Professional Conduct 3.8(d) (1984) (The prosecutor in a criminal case shall . . .

make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense.)

We contend that the foregoing categories of information constitute Rule 3.8(e) material, and that disclosure should take prior to Defendant's motions deadline for its use to be reasonably feasible, as contemplated by the rules.

Jencks Material

Pursuant to the Jencks Act, 18 U.S.C. § 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure, Defendant requests that the government provide a list of the names and addresses of all witnesses that the government intends to call in its case-in-chief and all statements of those witnesses in the possession, custody, or control of the government or any other government entity, including, but not limited to, notes of interviews, FBI 302s or other summaries prepared by government attorneys or agents, and grand jury transcripts and any other witness statements. We request that the government begin providing this material as soon as possible, or in any event no later than forty-five (45) days prior to the start of trial.

Statements of Defendant

Pursuant to Rule 16(a)(1)(A)-(B) of the Federal Rules of Criminal Procedure, Defendant requests copies of any written or recorded statements made or adopted by him. This includes, but is not limited to:

1. all transcripts and/or recordings of conversations in which the Defendant (or an unindicted co-conspirator) was a participant;

2. all rough notes and/or memoranda summarizing any interview of Defendant by representatives of the U.S. Attorney's Office, the Departments of Justice and/or State, and/or the FBI;

3. all wire and oral communications made by the Defendant that were transmitted to or intercepted by, for or on behalf of any government agent or employee or any agency or entity of the U.S. government;

4. all statements of witnesses that reiterate or incorporate the statement of the Defendant.

Criminal Records

Pursuant to Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure, Defendant requests copies of the prior criminal records, if any, of the Defendant or any unindicted co-conspirators.

Scientific Evidence

Pursuant to Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure, Defendant requests documentation relating to all requests for, and the results of, physical or mental examinations, scientific tests, or experiments that were conducted in connection with the

4

investigation of the charges contained in the Indictment. This includes, but is not limited to:

    1. all handwriting exemplars, handwriting samples, handwriting or document analyses, and all documents examined or used in or related to such analyses;

    2. all fingerprint and palm print exemplars, fingerprint samples, comparisons, and opinions of fingerprint experts, and all documents examined or used in connection with, or that relate to, those opinions; and

    3. all polygraph examinations, psychological stress examinations, hypnotic procedures, or any other scientific procedures devised to determine whether a subject is telling the truth, or to refresh a witness memory, and all documents that refer or relate to such examinations.

### Rules 403 and 404(b) Evidence

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rules 403 and 404(b) of the Federal Rules of Evidence, Defendant requests that the government disclose all evidence of similar crimes, wrongs, or acts, allegedly committed by the Defendant (or any person alleged to have been acting pursuant to his instructions), upon which the government intends to rely to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, in its case-in-chief.

### Rule 801(d)(2) Evidence

Pursuant to the provisions of Rule 104 of the Federal Rules of Evidence, and the Defendant's right to a fair trial, Defendant requests that the government disclose whether it intends to offer, in its case-in-chief, any evidence covered by Rule 801(d)(2) of the Federal Rules of Evidence. With respect to any such statements allegedly made by an unindicted co-conspirator during the course and in furtherance of any alleged conspiracy (Fed. R. Evid. 801(d)(2)(E)), we request that the government make its proffer at least 30 days prior to trial.

### Rule 1006 Evidence

Pursuant to Rule 1006 of the Federal Rules of Evidence, Defendant requests that he be advised whether the government will seek to offer any chart, summary or calculation in evidence and requests that all writings, recordings, or other information on which such charts, summaries or calculations are based be made available sufficiently in advance of trial for inspection and copying.

Conclusion

Thank you for your cooperation in this matter. Please let us know at your earliest convenience whether there are any requests set forth in this letter with which you decline to comply. We are available to discuss any of the foregoing requests with you as necessary.

*Peter V. Taylor*

David Schertler, Esq.
Danny Onorato, Esq.
Peter V. Taylor, Esq.
Schertler & Onorato, L.L.P.
601 Pennsylvania Avenue NW
North Building - 9th Floor
Washington, DC 20004-2601
Telephone: (202) 628-4199
*Counsel for Patrick Syring*

# EXHIBIT 2

Case 1:07-cr-00204-CKK    Document 41-3    Filed 12/14/2007    Page 1 of 4

**SCHERTLER & ONORATO, L.L.P.**

| | | |
|---|---|---|
| David Schertler<br>*DC & IL Bars* | Vincent H. Cohen, Jr.<br>*DC, MD & NJ Bars* | Claire Morris Clark<br>*VA Bar* |
| Danny C. Onorato<br>*DC & CA Bars* | David H. Dickieson<br>*DC, MD, VA & PA Bars* | Veronica Renzi Jennings<br>*MD Bar* |
| | Lisa Fishberg<br>*DC, MD & NY Bars* | Habib F. Ilahi<br>*DC & TX Bars* |
| | Mark E. Schamel<br>*DC, MD & NY Bars* | Michael Starr<br>*DC Bar* |
| | Robert J. Spagnoletti<br>*DC, NJ, NY & TX Bars* | Peter V. Taylor<br>*DC Bar* |

November 29, 2007

Julieanne Himelstein, Esq.
Assistant U.S. Attorney
United States' Attorney's Office
555 4th Street, N.W., Fourth Floor
Washington, D.C. 20001

Mark Blumberg, Esq
U.S. Department of Justice
Civil Rights Division, Room 5802
601 D Street, N.W.
Washington, D.C. 20004

Re: *United States v. Patrick Syring*

Dear Ms. Himelstein and Mr. Blumberg:

We are writing to request additional discovery in the above captioned case.

First, Mr. Kowalski and witnesses in the grand jury discussed the fact that the Department of Justice and specifically Mr. Kowalski had been forwarded so-called threatening emails received by employees of the Arab American Institute ("AAI"). See, e.g., Grand Jury testimony of Rebecca Brown at page 13. We demand immediate copies of any and all such communications in the possession of the government.

Second, Mr. Kowalski and witnesses discussed the fact that he and the Department of Justice prosecuted other individuals for sending so-called harassing messages to the AAI and its employees. See, e.g., Grand Jury testimony of James Zogby at page 16. Notwithstanding any claims about the appropriateness of Mr. Kowalski's actions, we request that you provide (1) the names of any and all persons that were investigated by the Department of Justice for any such actions, (2) access to any and all communications that formed the basis of such investigations, (3) names of any and all persons charged as

---

ATTORNEYS AT LAW | 601 Pennsylvania Avenue, N.W.<br>North Building, 9th Floor<br>Washington, D.C. 20004-2601 | 202.628.4199<br>202.628.4177 *fax*<br>www.schertlerlaw.com

a result of those communications, (4) any and all witnesses statements, including but not limited to FBI 302s and grand jury testimony, of any person interviewed by the government, and (5) any reasons in the which the department of Justice failed to prosecute any of those individuals.

Third, a number of witnesses spoke directly to Mr. Kowalski, who participated in the indictment and charging decision in this case. The interactions between Mr. Kowalski and some of the witnesses is of grave concern to us. For instance, one of the witnesses claimed that she did not know whether the words allegedly written or uttered by Mr. Syring constituted threats and consulted with Mr. Kowalski to determine whether they were. See Grand Jury testimony of Rebecca Brown at page 8. If Ms. Brown did not perceive the words uttered or read to be threatening, it would have been improper for Mr. Kowalski to advise her that the words were threatening. Thus, we demand that you provide us with any and all written communications between the witnesses and Mr. Kowalski as well as a summary of what was said by Mr. Kowalski to that witness. Mr. Kowalski's conduct is even more troubling when one considers that Ms. Brown spoke to others at the AAI regarding her conversations with Mr. Kowalski. This information is critical because we plan to file a motion to dismiss the indictment based on Mr. Kowalski's conduct which we believe was inappropriate.

Fourth, we request that we gain immediate access to all of the emails of Rebecca Brown. In an FBI 302 dated, December 21, 2006, Ms. Brown indicated in an email that the emails sent by Patrick in Arlington "may" be a threat to the office. The fact that she characterized any purported communications in such a fashion is exculpatory.
Ms. Brown also indicated that she forwarded threatening emails from a man named Daniel Middleman to Mr. Kowalski.

Fifth, we demand that you provide us access to the exact words uttered by Mr. Kowalski to Ms. Brown that describe the term "bodily harm level." In addition, we demand to know how Mr. Kowalski defined that term or whether any of the grand jurors were instructed on that term.

Sixth, we request that the government provide copies of any and all communications between Rebecca Abou Chedid, Natasha Tynes and Valerie Smith and any other witnesses in the case, including any government agents and prosecutors.

Seventh, Valerie Smith told the government that she sees negative messages on a regular basis. We demand access to any and all such information and reiterate our request to have access to information concerning whether any prosecutions that resulted from those messages.

Eighth, in an FBI 302 dated 12/22/2006, Mr. Zogby indicated that he and the AAI receive many negative contacts. We demand access to each and every negative contact that the AAI and Mr. Zogby has received since September 11, 2001.

Thanks for your prompt attention to our request. As always, you may reach us at (202) 628-4199.

Sincerely,

David Schertler
Peter V. Taylor

Enc.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Criminal No. 07-204 (CKK) |
| | ) | |
| **PATRICK SYRING,** | ) | |
| | ) | |
| **Defendant** | ) | |

# [PROPOSED] ORDER

BASED UPON the Defendant's Motion to Compel Discovery, and the government's response thereto, and being familiar with the file and the relevant law, the Court hereby

FINDS THAT the Defendant is entitled to the discovery he seeks in his Motion under both F.R.Crim.P. 16 and *Brady v. Maryland,* 373 U.S. 83 (1963); therefore,

IT IS HEREBY ORDERED THAT the government provide to the Defendant the following items on or before the _____ day of _____, 2007/2008:

1. Copies of any and all so-called threatening emails received by employees of the Arab American Institute ("AAI") in the possession of, or readily accessible to, the government.

2. Concerning the government's introduction of evidence before the grand jury that the Department of Justice prosecuted other individuals for sending so-called harassing messages to the AAI and its employees, (*see, e.g.*, Grand Jury testimony of Dr. James Zogby at page 16), the government shall produce: (1) the names of any and all persons that were investigated by the Department of Justice for any such actions; (2) any and all communications that formed the basis of such investigations, (3) names of any and all persons charged as a result of those communications, (4) any and all witnesses statements, including but not limited to FBI 302s and grand jury testimony, of any person interviewed by the government in connection therewith, and (5) all reasons for the which the Department of Justice failed to prosecute any of those individuals.

3. Any and all communications between the witnesses in this case, and any of the prosecutors from the Department of Justice, concerning whether Mr. Syring's alleged e-mails or voice messages constituted threats and, to the extent such communications were not written or otherwise recorded when made, verbatim recitations of those communications. To the extent verbatim recitations are not possible to reconstruct, the government shall provide as accurate a summary of those communications as possible, noting who prepared each such summary and denoting it as a summary.

4. All of the e-mails of AAI employee Rebecca Brown ("Ms. Brown"). In an FBI 302 dated December 21, 2006, Ms. Brown indicated in an email that the emails sent by Patrick in Arlington "may" be a threat to the office. The fact that she characterized any purported communications in such a fashion is exculpatory.

5. All emails, or other communications, sent by Ms. Brown or any other AAI employee, to any Department of Justice employee, including Civil Rights Division attorney Barry Kowalski, concerning Daniel Middleman.

6. The exact words uttered by Mr. Kowalski to Ms. Brown that describe or define the term "bodily harm level;" and any definition of that term given by Mr. Kowalski, or any other representative of the government, to the grand jurors in this case, including any instruction the grand jurors were provided concerning that term.

7. Any and all communications between Rebecca Abou Chedid, Natasha Tynes and Valerie Smith and any other witnesses in the case, including any government agents and prosecutors.

8. The "negative messages" that AAI employee Valerie Smith told the government she sees on a regular basis, and any and all such information concerning whether any prosecutions resulted from those messages.

9. Any and all "negative contacts" received by the AAI since 9/11/01 that were referred to by AAI President Dr. Zogby, as reflected in the FBI

302 of an interview with him dated 12/22/2006, whether written, recorded or otherwise preserved.

Dated this _____ day of December, 2007.

                                                                  _____
                                                                  HON. COLLEEN KOLLAR-KOTELLY
                                                                  U.S. District Judge

cc:   Julieanne Himelstein, Esq.
      Assistant United States Attorney
      Federal Major Crimes Section
      United States Attorney's Office
            for the District of Columbia
      555 Fourth Street, NW, 4th Floor
      Washington, DC 20530

      Mark Blumberg, Esq.
      Special Litigation Counsel
      Karen Ruckert, Esq.
      Trial Attorney
      Civil Rights Division
      601 D Street, NW, Fifth Floor
      Washington, D.C.  20004

      David Schertler, Esq.
      Danny Onorato, Esq.
      Peter V. Taylor, Esq.
      601 Pennsylvania Avenue, NW
      North Building, 9th Floor
      Washington, DC 20004