UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICK SYRING,<br><br>    Defendant. | Criminal Action No. 07-204 (CKK) |

**FILED**

DEC **1 3** 2007

**ORDER**
(December 13, 2007)

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

On December 7, 2007, the Court held a conference call on the record with counsel for

both parties participating to discuss the conflict that had arisen between the trial in this

case–previously scheduled for January 7, 2008–and a seven co-defendant criminal case pending

in the Eastern District of North Carolina, in which Defendant's Counsel, David Schertler, Esq., is

also serving as lead counsel. Subsequent to that conference call, the Court issued an Order

vacating the January 7, 2008 trial date in this matter, requesting that Attorney Schertler file an

affidavit setting forth the specifics of the conflict and his efforts to resolve it, and amending the

Court's prior Scheduling Order. Attorney Schertler filed the requested Declaration on December

13, 2007. Also on December 13, 2007, the Court held a status conference on the record with

counsel for both parties in attendance, during which the Court set a new trial date of February 11,

2008 in this matter, and granted Defendant's request to file additional pretrial motions. The

following Order addresses the application of the Speedy Trial Act (the "Act"), 18 U.S.C. § 3161,

in this case.

1

'N)

The Speedy Trial Act provides that "the trial of a defendant. . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, which ever date last occurs." 18 U.S.C. § 1361(c)(1). The Act lists several periods of delay that are excludable from the seventy-day maximum. *Id.* § 3161(h). Of relevance to Defendant's Motion are periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion, *id.* § 3161(h)(1)(F), and periods of "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," *id.* § 3161(h)(1)(J). The Act also provides for the exclusion of

> any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.* § 3161(h)(8)(A). The Act specifically requires the judge, in considering whether to grant an "ends-of-justice" continuance, to consider, *inter alia*, "whether the case is so unusual or so complex, due to . . . the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits . . .," as well as "[w]hether the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* §§ 3161(h)(8)(B)(ii), (iv). Section 3161(h)(8) thus "gives the district court discretion–within limits and subject to specific procedures–to accommodate limited

delays for case-specific needs." *Zedner v. Unites States*, --- U.S. ---, 126 S. Ct. 1976, 1985 (2006)

The parties agree that the seventieth day following Defendant's August 30, 2007 arraignment fell on November 8, 2007. However, on October 16, 2007, the Court issued an Order granting Defendant's Motion to Schedule Trial No Earlier Than January, 2008, and setting the trial in this matter for January 7, 2008. *See generally* Order, Docket No. [16]. In that Order, the Court noted that the filing of pretrial motions might toll the seventy-day Speedy Trial period in this case until January 2008 due to the filing of pretrial motions. *Id.* at 3. In the alternative, the Court found–based on consideration of the factors specifically enumerated in 18 U.S.C. § 3161(h)(1)(B)–that it was appropriate to continue the trial in this case through January 2008 in order to serve the ends of justice because (1) the then-pending Motion to Dismiss raised complex questions of constitutional law that merited a slightly generous briefing schedule; (2) failure to grant an ends-of-justice continuance would unreasonably deny Defendant his Sixth Amendment right to be defended by the counsel of his choice; and (3) the requested continuance would allow defense counsel the time necessary to reasonably prepare for trial. *Id.* at 4-6. The Court further concluded that the ends of justice served by granting a continuance through January 2008 outweighed "the best interest of the public and the defendant in a speedy trial," in part because the Government did not oppose the continuance or suggest that it would suffer any prejudice as a result of the delay. *Id.* at 6-7 (citing 18 U.S.C. § 3161(h)(8)(A)).

The Court has now rescheduled the trial in this matter for February 11, 2008, and finds that a trial on that date complies with the Speedy Trial Act. As an initial matter, the Court notes that there are new pretrial motions pending in this case, which may well toll the seventy-day

Speedy Trial period through early February 2008. As the D.C. Circuit recently reiterated, if no hearing is held on a pretrial motion, the period of time excluded under § 3161(h)(1)(F) runs from the filing of the motion "through the day the court receives all the papers it reasonably expects to help it decide the motion." *United States v. Taylor*, 497 F.3d 673, 676 (D.C. Cir. 2007) (quoting *United States v. Saro*, 24 F.3d 283, 292 (D.C. Cir. 1994)). However, "once that period expires, [the Act excludes] delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." *Id.* (quoting § 3161(h)(1)(J)). A number of pretrial motions are currently pending or will soon be filed in this case, including: (1) the Government's three Motions in Limine, which became ripe on November 30, 2007 and are currently under advisement by the Court; (2) Defendant's two Motions in Limine and an Application for a Fed.R.Crim.P.17(c) Subpoena Duces Tecum, to which the Government's responses are due on December 28, 2007; (3) briefing requested by the Court, due December 28, 2007, regarding the point of view to be applied by the jury in determining what constitutes a threat; and (4) two additional motions that Defendant requested and was granted permission to file during the December 13, 2007 status conference, which will be filed on December 14, 2007 and responded to by January 4, 2008. The Court makes no representations as to when the pending motions will be resolved, but notes that the periods of time excludable under §§ 3161(h)(1)(J) and (F) may toll the Speedy Trial clock through the beginning of February 2008.

Furthermore, the Court again concludes that an ends-of-justice continuance pursuant to 18 U.S.C. § 3161(h)(8)(A) is warranted in order to ensure Defendant continuity of counsel. As set forth during the conference call held on the record on December 7, 2007 and in Attorney

4

Schertler's December 13, 2007 Declaration, Attorney Schertler is lead defense counsel for one of seven co-defendants in the North Carolina case, which was originally scheduled for trial in December 2007. Schertler Decl. ¶ 3. Although the attorneys in that case requested a continuance until April 2008, the North Carolina court set the trial in that case for January 8, 2008, and has now moved the trial date to January 7, 2008, which would require Attorney Schertler to choose between trials, courts, and defendants he represents. *Id.* ¶¶ 4-5, 7. Attorney Schertler requested a continuance in the North Carolina case in order to avoid the conflict with the instant case, but his request was denied. *Id.* ¶¶ 6-7. The apparently unavoidable conflict thus requires rescheduling the trial in this case, so that Defendant may exercise his Sixth Amendment right to "be defended by the counsel he believes to be best." *United States v. Gonzalez-Lopez*, 126 S. Ct. 2557, 2562 (2006)).

The Court concludes that the ends of justice served by continuing the trial in this matter until February 11, 2008 outweighs "the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). As the Supreme Court has explained, "the Act was designed not just to benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." *Zedner v. United States*, 126 S. Ct. at 1985. As the Court noted in its October 16, 2007 Order, there is no evidence that Defendant has committed any crimes while on pre-trial release or during the roughly one year between the events underlying the Indictment and its return. Order, Docket No. [16] at 6. Furthermore, in light of the pending pretrial motions, an ends-of-justice continuance will not lead to an "extended pretrial delay" that is against the public interest. *See Zedner*, 126 S.Ct. at 1985.

Finally, the Court notes that during the December 7, 2007 conference call, the Government

expressed that it did not oppose continuing the trial in this action until February 2008, given

Attorney Schertler's scheduling conflict.  Moreover, the Government has not suggested that it

will suffer any prejudice as a result of such delay.

      Accordingly, it is, this 13th day of December, 2007, hereby

      **ORDERED** that the trial in this case shall commence on February 11, 2008; it is further

      **ORDERED** that Defendant shall file motions regarding potential *Brady* material and

discovery of grand jury minutes on December 14, 2007, and the Government shall file its

response to those motions on or before January 4, 2008.

      **SO ORDERED**.


                                             _____*/s/*_____

                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge