UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **CRIMINAL NO. 07-204 (CKK)** |
| : | |
| **PATRICK SYRING,** : | |
| : | |
| **Defendant.** : | |

### GOVERNMENT'S JUSTIFICATION FOR ACCEPTANCE OF 11(c)(1)(C) PLEA

The United States of America, by and through its attorneys, the United States Attorney for the District of Columbia and the Acting Assistant Attorney General for the Civil Rights Division, hereby submits its memorandum in support of the plea entered into by the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

Defendant is charged in a two-count indictment with violations of 18 U.S.C. § 245, interference with federally protected rights, and 18 U.S.C. § 875, threats in interstate commerce. The indictment charged that Defendant sent seven threatening communications by email and telephone to Dr. James Zogby, director of the Arab American Institute (AAI), and other AAI employees in July 2006.

Rule 11(c)(1)(C) of the current Federal Rules of Criminal Procedure provides:

An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:

* * *

(C) agree that a specific sentence or sentencing range is the appropriate

>disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

In accordance with Rule 11(c)(1)(C), counsel for the United States and for Defendant reached a plea agreement on January 2, 2008, that Defendant would plead guilty to one count of 18 U.S.C. § 245. In exchange, counsel for the United States agreed to request dismissal of the second count of the indictment at sentencing, and agreed that the appropriate sentence for the count to which Defendant would plead guilty is a sentence of one year of supervised probation, with the terms of supervision to be determined by the Court. The plea agreement has been filed. On January 3, 2008, Defendant appeared before the Court and indicated his intent to change his plea to guilty in accordance with the plea agreement.

From 1974, when the Federal Rules of Criminal Procedure were amended to include rules governing plea bargaining, to the present, Rule 11 has included an explicit provision allowing for the government and the defendant to bargain pretrial for an agreed upon sentence in exchange for a guilty plea. See Fed. R. Crim. P. 11 Advisory Committee's Note. In formalizing procedures to govern the practice of plea bargaining, the Advisory Committee conceded "both the inevitability and the propriety of plea agreements." Id. (describing the purpose of the 1974 amendments set forth in then subdivision (e) of Rule 11). Quoting the Supreme Court in Santobello v. New York, 404 U.S. 257, 260 (1971), the Committee noted that "[t]he disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice. Properly administered, it is to be encouraged." Fed. R. Crim. P. 11 Advisory Committee's Note. In the context of plea bargaining, there are instances where the mutually beneficial outcome for both

the government and the defendant includes an explicit agreement as to the defendant's sentence. The Advisory Committee's note to Rule 11 acknowledges that certainty in one's sentence may be a key consideration in the bargaining process.

Starting from the premise, as the Supreme Court did in <u>Santobello</u>, that the efficient disposition of criminal cases by way of plea bargain, when properly administered, "is to be encouraged," the United States advocates the acceptance of Defendant's plea. The negotiated sentence of one year of supervised probation is an appropriate and reasonable outcome in this case considering the factors to be weighed by a sentencing court pursuant to 18 U.S.C. § 3553(a). This negotiated sentence properly addresses the key factors identified in § 3553(a) – the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed as opposed to the kinds of sentences available.

The proposed sentence adequately reflects the nature and circumstances of the offense as well as the history and characteristics of the defendant. Defendant has no criminal history and had not contacted the victims prior to the offense in question. Further, he has just completed decades of service as a foreign service officer with the United States Department of State. The testimony of the victims would show that they felt intimidated and threatened by Defendant's communications. One victim began planning how he could escape if an armed intruder burst through the office doors and assessed the level of security at the office. However, the victims are likely to state that they did not experience a protracted sense of panic. No victim required medical or psychological treatment as a result of receiving Defendant's threats, and no victim felt that he or she could no longer work at AAI as a result.

Defendant admitted transmitting the threats while also being angry about Dr. Zogby's

comments concerning an ongoing war. While Mr. Syring's anger does not excuse or justify his threatening conduct, it informs the Court's understanding of the background and circumstances motivating Defendant at the time of his actions. The severity of Defendant's conduct, when viewed within the range of conduct encompassed by the statute, is adequately reflected in the proposed sentence.

    The proposed sentence would provide an adequate deterrent to criminal conduct. Defendant's admission of guilt may put would-be offenders on notice that they can be successfully prosecuted under our nation's hate crime laws if they choose to interfere with, intimidate, or threaten others on the basis of race or national origin. Similarly, the public would be sufficiently protected from further crimes by this defendant. Mr. Syring agrees to have no further contact with the victims and, as far as the United States is aware, has abided by the conditions of his release.

    Additionally, the proposed sentence presents an opportunity to provide Defendant with correctional treatment as best determined by the Court upon consideration of a recommendation by the United States Probation Office. The circumstances of Defendant's offense suggest that anger management counseling or other treatment may be beneficial. In addition, an appropriate program of community service may result in an outcome that is positive for Defendant as well as society.

    While the proposed sentence falls outside the range proscribed by the United States Sentencing Guidelines, it adequately addresses the factors set forth in 18 U.S.C. § 3553. The Guidelines would result in a base offense level of 12 under U.S.S.G. § 2H1.1(a)(1), which refers to § 2A6.1, the offense guideline applicable to the underlying offense. Under § 3A1.1(a), the

Court would apply a three-level enhancement for a hate crime. Because Defendant would be accepting responsibility for the offense, he would be entitled to a two-level reduction for acceptance of responsibility under § 3E1.1(a). The resulting offense level of thirteen, given Defendant's lack of criminal history, would result in a sentence of 12-18 months' imprisonment.

As discussed in detail above, however, because the sentence proposed by the parties is consistent with the factors set forth in 18 U.S.C. § 3553, it is an appropriate sentence in this case. Accordingly, the United States requests the Court to accept Defendant's plea.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney
    Bar No. 498610

    _____

    Julieanne Himelstein
    Assistant United States Attorney

    _____

    GRACE CHUNG BECKER
    ACTING ASSISTANT ATTORNEY
    GENERAL FOR CIVIL RIGHTS

    _____

    Mark Blumberg
    Deputy Chief, Criminal Section
    Karen Ruckert
    Trial Attorney
    Civil Rights Division
    United States Department of Justice