UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 07-204 (CKK) |
| PATRICK SYRING, | |
| Defendant. | |

**FILED**

MAR 2 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORDER**
(March 20, 2008)

On January 3, 2008, Defendant Patrick Syring plead guilty to violating 18 U.S.C. § 245(b)(2) before this Court, based on threats he issued to the Arab American Institute ("AAI"), its director Dr. James Zogby, and its staff. On March 20, 2008, the Government filed an Emergency Motion for Revocation of Release Conditions and Request for Pre-Sentence Detention of Mr. Syring. The Motion stated that Mr. Syring violated the "no contact" provisions of his pre-sentence release order by emailing threats to Dr. Zogby on March 13, 2008, which contained identical language to the threats to which Mr. Syring had plead guilty. *See* Gov't Mot. at 2-3. The threatening language included the phrases "[t]he only good Arab is a dead Arab" and "[t]he only good Lebanese is a dead Lebanese." *Id.*[1] Mr. Syring sent the March 13, 2008 email to Link TV, a show hosted by Dr. Zogby that is broadcast every Thursday on the Direct TV network, shortly after an episode of Link TV aired.

Defendant voluntarily appeared with counsel before this Court on March 20, 2008, for a

---

[1] The Government's Motion also indicated that the Government believes Mr. Syring's March 13, 2008 email constituted a separate, prosecutable threat in violation of 18 U.S.C. §§ 245, 875. *See* Gov't Mot. at 5.

hearing on the Government's Motion.[2] Mr. Syring's counsel conceded that Mr. Syring had sent the email to Link TV, and agreed that it was "ill-advised" and not justified by any "sound explanation." Nevertheless, counsel explained that Mr. Syring did not believe he was violating the Court's pre-sentence release order because he did not directly send the threatening language to the employees of AAI or AAI itself, but rather sent it indirectly through Link TV.[3]

Based on the Government's Motion, the arguments presented by both Parties, and the applicable statutory authority, the Court found clear and convincing evidence that Mr. Syring violated a condition of his release. *See* 18 U.S.C. § 3148(b)(1)(B). Mr. Syring's release was conditioned on his having "no contact" with AAI or its employees, and Defendant's plea colloquy underscores that condition:

> MR. BLUMBERG (counsel for Government): Your Honor, if I may, to make clear that there's, again, *no contact with any employees, former or current, of AAI in any fashion, electronic communication or in person.*
>
> THE COURT: I'm assuming that that was the conditions that were set originally, am I correct?
>
> MR. SCHERTLER (counsel for Mr. Syring): Yes. And Mr. Syring is in compliance.
>
> THE COURT: Or I would have gotten a report. The expectation would be that all of the conditions that have been set out, Mr. Syring, you would need to continue to be in compliance until you come back on April 10th or an earlier date the Court would set.

---

[2] Although an arrest warrant for Mr. Syring was issued on March 20, 2008, it was quashed when he voluntarily appeared before this Court.

[3] Counsel also briefly suggested that Mr. Syring believed the conduct to which he plead guilty was in a First Amendment "gray area," and reiterated Mr. Syring's belief that he was not violating the conditions of his release.

Despite this "no contact" condition, Mr. Syring sent an email to Dr. Zogby's weekly television show on March 13, 2008. Although Mr. Syring claims that he believed his email was not a violation of this Court's pre-sentence release Order because it was not a direct communication with Dr. Zogby, the Court does not accept Mr. Syring's explanation that he did not appreciate that his conduct was a violation.[4] Rather, Mr. Syring's focus appears to be how to send threatening statements and still circumvent the strictures of the Court's Order. Indeed, the purpose of sending an email to Link TV was to have the email read and reacted to. Further, the Court concludes that Mr. Syring's March 13, 2008 email was a violation of the Court's Order. Mr. Syring knew from experience, and acknowledges, that the language in that email was threatening because it was identical to the language of the threats to which he had previously plead guilty. He also knew that Dr. Zogby would find the language threatening for the same reason. By sending the email to the address designated for feedback from Link TV viewers, Mr. Syring intended that his email would be read. It was foreseeable that the email would be forwarded to Dr. Zogby, and that he would find it threatening. In fact, Mr. Syring's email was identified by Link TV, and forwarded to Dr. Zogby, who read the email and had the same concerns for his safety as he had when Mr. Syring previously issued his threats.

During the March 20, 2008 hearing, the Court also found that there was no condition or combination of conditions of release that would assure that Mr. Syring would not pose a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3148(b)(2)(A). The Court

---

[4] The Court notes that Mr. Syring sent two previous emails to Link TV demanding that they stop broadcasting "hatred" and "anti-semitic programming," neither of which included threats or references to Dr. Zogby. Those emails did not violate the Court's Order and further supports the conclusion that Mr. Syring made a conscious choice to include threatening language in his March 13, 2008 email.

found that it could not craft a more specific order than the one that prevented Mr. Syring from having "no contact" with AAI and its employees, particularly after the plea colloquy which clarified that such communications could not occur in "any fashion." Moreover, Mr. Syring's belief that it was permissible to use threatening language as long as it was not sent directly to Dr. Zogby suggests that no conditions could be imposed that would prevent Mr. Syring from trying to circumvent the conditions of his release, thereby threatening the safety of Dr. Zogby or other employees of AAI.[5]

Accordingly, it is, this 20th day of March, 2008, hereby

**ORDERED** that the Government's Emergency Motion for Revocation of Release Conditions and Request for Pre-Sentence Detention of Mr. Syring is GRANTED; and it is further

**ORDERED** that Mr. Syring be detained pending sentencing.

**SO ORDERED**.

Date: March 20, 2008

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[5] Although the Court found at the March 20, 2008 hearing that no condition or combination of conditions would assure that Mr. Syring would not pose a danger to the safety of any other person or the community pursuant to 18 U.S.C. § 3148(b)(2)(A), the Court also finds that Mr. Syring is not likely to abide by the conditions of his release pursuant to 18 U.S.C. § 3148(b)(2)(B).