THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO.: 07-204 (CKK) |
| v. | : |
| PATRICK SYRING, | : |
| Defendant. | : |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR THE DEFENDANT TO BE RELEASED PENDING SENTENCING

The United States, by its undersigned counsel, respectfully requests that this Honorable Court deny Patrick Syring's Motion to be Released Pending Sentencing (hereafter, "Motion"). While the defendant has offered to undergo counseling if he is released, the bulk of his argument lays in the claim that he has learned his lesson now that he is in jail. Yet, Mr. Syring continues to argue that he did not intend to threaten anyone in his March 13, 2008 e-mail (Motion, p. 3) despite the Court's conclusion that he made a "conscious choice to include threatening language in his . . . e-mail." (Order, March 20, 2008, p.3, n.3). Rather than appreciating the wrongfulness of his conduct, he continues to deny it. In light of his disregard for the most crucial component of this Court's release order, the mere offer to attend out-patient counseling does not amount to a meaningful condition of release that would assure that Mr. Syring won't pose a danger to the safety of any other person or the community in the immediate timeframe before sentencing. See 18 U.S.C. 3148(b)(2)(A). In support, the United States, states:

Prior to sending his March 13, 2008 e-mail that threatened Dr. James Zogby, the defendant was on pre-trial release awaiting the Court's acceptance of a binding plea that

he entered pursuant to F.R.Cr.P 11(c)(1)(c).  In that plea, the government agreed to a sentence that was limited to a period of probation without incarceration.  At the time, the sentence seemed appropriate in light of all the relevant circumstances, including the fact that the defendant appeared unlikely to re-offend.  The assessment proved to be inaccurate.

At his change of plea hearing, the defendant acknowledged in open court that the e-mails and voice mails he sent during July 2006 were intended to "scare" Dr. Zogby.  As a condition of his release he was advised in the plainest possible terms to avoid contact in any form with Dr. Zogby.  Yet, he chose to send another e-mail to the same victim, containing the same language that he previously admitted was intended to intimidate that victim.

The damage wrought by the March 13, 2008 e-mail is perhaps greater than that engendered by the conduct which gave rise to the plea.  From the victim's perspective, the defendant demonstrated a deep personal hatred toward him and an irrational unwillingness to control his behavior by willfully defying a court order and jeopardizing his own freedom.  Prior to the latest threat, the defendant was likely to be placed on probation without any significant restraints on his liberty, if only he refrained from communicating threats.  Yet, Mr. Srying's drive to intimidate Dr. Zogby was so powerful that he was willing to violate the Court's order, commit a new crime, and risk incarceration solely for the chance to frighten the victim again.

In the face of such a powerful motivation, there are simply no conditions which can insure that Mr. Syring will not continue to intimidate Dr. Zogby, or worse, finally act on his threats.  In that light, the defendant's offer to attend counseling does not satisfy the

requirements of 18 U.S.C. 3148. Whether therapy will or will not aid Mr. Syring in coming to grips with his animus over the long run is unknown. However, the intensity of his antagonism makes it virtually certain that he won't be "cured" or even "controlled" by therapists in the short period leading up to sentencing.

Similarly, the defendant's offer to abide by a curfew or a "stay-away" order does not provide the security which is the focus of the Bail Reform Act. He re-offended while subject to an order that was functionally identical to the one he now suggests would ensure his compliance. Other than his desire to be released from jail, there is nothing to distinguish his promise to abide by a new "no contact" order from the promise which he previously disregarded.

In support of his release request, the defendant highlights his failure to act on his threats (Motion, p.4) to mitigate the risks that he poses. Yet, the assertion is irrelevant. The harm caused by the defendant is complete with his barest access to a computer terminal. His crime, and the damage he wreaks, doesn't require him to ever leave his home. See Virginia v. Black, 538 U.S. 343, 359 (2003)("speaker need not actually intend to carry out the threat. Rather, a prohibition on true threats "protect[s] individuals from the fear of violence" and "from the disruption that fear engenders," in addition to protecting people "from the possibility that the threatened violence will occur.").

There are no prohibitions on the defendant's computer use which will satisfactorily protect the victim.[1] Computer access is near universal. Libraries, waiting

---

[1] The defendant argues to the Court that he has received a clear "wake up call" (Motion, p. 4). Yet, even in his pleading, he refuses to voluntarily forego using the tool that he has twice used to commit offenses (Motion, p. 4 "he does not invite the Court to prohibit him from any computer use."). His sole offer in that regard is to abide by terms the Court might impose. However, as described above, he has proven that he is willing to ignore the Court's orders in service to his powerful animosity toward Dr. Zogby. The defendant's unwillingness to voluntarily give up using a computer pending his sentencing undermines his claim that incarceration has changed his attitude about his conduct.

room, cell phones, and countless other venues provide the opportunity for anyone, including the defendant, to send threatening communications at almost any time. The defendant has made internet communications his weapon of choice. The only place where that weapon can be effectively removed from him is in jail.

In sum, the defendant's choice to re-offend against Dr. Zogby was not a mere technical violation of his release conditions that can be remedied by a brief period of incarceration to demonstrate the weight that should be accorded to the Court's orders. Mr. Syring's March 13, 2008 threat was a demonstration that, despite his plea, he never appreciated the wrongfulness of his conduct and he never sincerely accepted responsibility for breaking the law. As such, he continues to be a risk to re-offend. There are no conditions of release that can insure the protection of the victim in this matter. Therefore, the defendant's continued incarceration is appropriate.

Respectfully submitted,

JEFFREY A. TAYLOR, Bar Number 498610
UNITED STATES ATTORNEY

RENA J. COMISAC
ACTING ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

_____/s/_____
Julieanne Himelstein 417136
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530

                              /s/
_____
Mark Blumberg
Special Litigation Counsel
Karen Ruckert
Trial Attorney
United States Department of Justice
Civil Rights Division
601 D Street, NW Fifth Floor
Washington, D.C. 20004