UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PATRICK SYRING,<br><br>Defendant. | Criminal Action No. 07-204 (CKK)<br><br>**FILED**<br>APR 2 2 2008<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**ORDER**
(April 22, 2008)

Currently pending before the Court is Defendant Patrick Syring's [59] Motion to Be Released Pending Sentencing. On January 3, 2008, Defendant Syring pled guilty to violating 18 U.S.C. § 245(b)(2) by issuing threatening e-mails and voicemails to the Arab American Institute ("AAI"), its director Dr. James Zogby, and its staff. At Defendant Syring's January 3, 2008 Plea Hearing, the Court conditionally accepted the Rule 11(c)(1)(C) plea agreed to by the parties, which provided for a no-jail sentence of one year supervised probation, and released Mr. Syring pending sentencing pursuant to a condition that he have "no contact" with the AAI or its staff, including Dr. Zogby. On March 20, 2008, the Government filed an Emergency Motion for Revocation of Release Conditions and Request for Pre-Sentence Detention of Mr. Syring, stating that Mr. Syring had violated the "no contact" provisions of his pre-sentence release order by emailing threats to Dr. Zogby on March 13, 2008, which contained identical language to the threats to which Mr. Syring had plead guilty. *See* Gov't Mot. at 2-3.

Defendant Syring voluntarily appeared with counsel before this Court on March 20, 2008, for a hearing on the Government's Motion. During that hearing, the Court granted the Government's Motion, based on a finding of clear and convincing evidence that Mr. Syring

violated a condition of his release, and a finding that Mr. Syring was unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. §§ 3148(b)(1)(B), (b)(2)(B). Defendant Syring was accordingly incarcerated pending sentencing, and the Court issued a written Order memorializing its findings. *See* Order, March 20, 2008, Docket No. [54]. Also on March 20, 2008, the Court ordered the Forensic Legal Services Branch, Forensic Services St. Elizabeth's Hospital, Department of Mental Health of the government of the District of Columbia to conduct a screening of Defendant Syring's mental health, and the need for a further complete evaluation to address any issues relating to his sentencing as well as any possible danger to the community. *See* Order, March 20, 2008, Docket No. [53]. The Court held a Status Conference on March 26, 2008 to review the results of that forensic screening, at which it denied an oral motion made by defense counsel to release Defendant Syring pending sentencing, vacated the sentencing previously scheduled for April 11, 2008, and set a schedule for completion of the Presentence Investigation Report in this matter. *See* Minute Order, March 26, 2008.

During that March 26, 2008 hearing, the Court granted permission for Defendant Syring to renew, in writing, his request that he be released from incarceration pending sentencing. Mr. Syring did so, via motion filed March 28, 2008, *see* Docket No. [59], and the Government filed its Opposition to Defendant Syring's motion on April 2, 2008, *see* Docket No. [60]. Defendant Syring did not file a Reply in support of his motion.

Based upon a thorough review of the parties' filings, the record before the Court at this time, and the relevant statutes and case law, the Court shall DENY WITHOUT PREJUDICE Defendant Syring's renewed motion for release pending sentencing. Nothing in Defendant Syring's renewed motion changes this Court's conclusion in its March 20, 2008 Order that

Defendant Syring violated a condition of his pre-sentencing release and is unlikely to abide by any condition or combination of conditions of release. *See* Docket No. [54] at 2-4 & n.5. Too many unknowns remain as to what motivated Defendant Syring to violate the "no contact" condition of his release by sending an e-mail indirectly to Dr. Zogby, using the same language Defendant Syring previously admitted to be threatening, while the Court was considering whether to finally accept the Rule 11(c)(1)(C) plea agreed to by the parties, which included a sentence of one year supervised release.

The Court notes that its denial without prejudice of Defendant Syring's renewed motion for release pending sentencing is not based upon the Government's suggestion that Defendant Syring may have committed a new crime while on release by sending the e-mail to Link TV. *See* Order, Docket No. [54] at 1 n.1, Gov't Opp'n at 2, 18 U.S.C. § 3148(b)(1)(A). Further, in granting the Government's motion for revocation of release and detaining Defendant Syring pending sentencing, the Court found that, at that time, there was no condition or combination of conditions of release that would assure that Mr. Syring would not pose a danger to the safety of any other person or the community. *See* Docket No. [54] at 3-4; 18 U.S.C. § 3148(b)(2)(A). Since then, the report of the forensic screening concluded that Mr. Syring did not present with risk factors that appear to make him an immediate danger to the community. As such, the Court's denial of Defendant Syring's renewed motion for release pending sentencing does not rest on that ground. Instead, the Court denies Defendant Syring's renewed motion for release pending sentencing based on its findings that Defendant Syring violated the "no contact" condition of his release and that he is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. §§ 3148(b)(1)(B), (b)(2)(B)

Accordingly, it is, this 22nd day of April, 2008, hereby

**ORDERED** that the Defendant Patrick Syring's [59] Motion to Be Released Pending Sentencing is DENIED WITHOUT PREJUDICE.

**SO ORDERED**.

Date: April 22, 2008

                                                    /s/
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge