# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| UNITED STATES OF AMERICA, |
| v. |
| PATRICK SYRING, |
| Defendant. |

Criminal Action No. 07-204 (CKK)

**FILED**

SEP - 3 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORDER**
(September 3, 2009)

On June 16, 2008, Defendant Patrick Syring plead guilty before this Court to one count of violating 18 U.S.C. § 245(b)(2) and one count of violating 18 U.S.C. § 875(c), based on threats he issued to the Arab American Institute ("AAI"), its director Dr. James Zogby, and its staff. On July 11, 2008, Mr. Syring was sentenced to twelve months as to the first count and to twelve months and one day as to the second count, to be served concurrently with credit for time served. The Court further ordered that, upon release from imprisonment, Mr. Syring was to be placed on supervised release for a term of twelve months as to the first count and thirty-six months as to the second count, to run concurrently. As a special condition of his supervised release, the Court ordered, *inter alia*, that Mr. Syring "shall have no contact or communication with AAI employees present or past, directly or indirectly by e-mail, phone or by any other means."

On September 3, 2009, the Court held a status hearing in this criminal matter to discuss recent communications made by Mr. Syring and directed to various third parties. At that time, the Court further clarified the meaning of the term "indirect" as used in its previous Order restricting Mr. Syring from having any "contact or communication with AAI employees

present or past, directly or *indirectly* by e-mail, phone or by any other means." In addition, the Court ordered, with Mr. Syring's consent, that he undergo mental health testing. Accordingly, based on the Court's on-the-record discussion with counsel at the September 3, 2009, status hearing, which are fully incorporated herein, it is this 3rd day of September, 2009, hereby

**ORDERED** that the term "indirect" communications, as used in the Court's July 16, 2008 Judgment setting forth special conditions of supervised release, specifically includes, but is not limited to, communications directed at or to third parties that mention, refer to, or concern either Dr. Zogby, AAI, or AAI employees past or present. Accordingly, Mr. Syring is restricted from having any "contact or communication with AAI employees present or past, directly or indirectly by e-mail, phone or by any other means," which includes, without limitation, contact or communication with third parties relating to Dr. Zogby, AAI, or AAI employees past or present; it is further

**ORDERED** that, in the event exceptional circumstances arise that Mr. Syring believes would allow him to appropriately communicate with a third party concerning AAI or related matters, and he has the desire to do so, Mr. Syring must submit any such proposed communication(s), in whatever form, to his supervising probation officer or the appropriate probation supervisor in order to permit probation to review the proposed communication(s) with Mr. Syring and to consult with him as to the likelihood that the proposed communication(s) may violate this Court's orders; and it is further

**ORDERED** that Mr. Syring, by consent, shall undergo testing to identify possible mental health issues. Probation is directed to advise the Court once such testing is complete,

so that the Court may schedule a status hearing to discuss the results of the mental health testing and to determine if modifications of supervision are appropriate.

**SO ORDERED.**

Date: September 3, 2009

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge